588 So.2d 233 (1991)
STATE of Florida, Petitioner,
v.
Luz Piedad JIMENO, et al., Respondents.
No. 75057.
Supreme Court of Florida.
October 24, 1991.
Robert A. Butterworth, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., Miami, for petitioner.
Benjamin S. Waxman and Jeffrey S. Weiner, Weiner, Robbins, Tunkey, Ross, Amsel & Raben, P.A., and Sidney Efronson, Miami, for respondents.
PER CURIAM.
This case is before us on remand from the United States Supreme Court following its decision on certiorari review of State v. Jimeno, 564 So.2d 1083 (Fla. 1990). In Jimeno we had held that consent to search a vehicle did not extend to a closed brown paper bag found inside the vehicle. The Supreme Court reversed this decision, holding that it was objectively reasonable for the police to conclude that the general consent to search a car included consent to search the closed brown paper bag within the car. Florida v. Jimeno, ___ U.S. ___, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991).
Jimeno now argues that the opening of the paper bag violated his right to privacy pursuant to article I, section 23 of the Florida Constitution. We reject this argument because of article I, section 12 of the Florida Constitution, which requires this Court to construe Fourth Amendment issues in conformity with rulings of the United States Supreme Court. As explained in State v. Hume, 512 So.2d 185 (Fla. 1987), our right of privacy provision, article I, section 23, does not modify the applicability of article I, section 12, particularly since section 23 was adopted prior to the present section 12.
*234 We quash the decision of the district court of appeal and remand the case for trial.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD and GRIMES, JJ., concur.
BARKETT and KOGAN, JJ., concur in result only.