PARIENTE, Judge.
The trial court granted the defendant’s motion to suppress contraband, not as an unlawful search and seizure in violation of the Fourth Amendment of the United States Constitution, but solely as a violation of the defendant’s right to privacy under the Florida Constitution. We do not find that this random investigatory encounter and consensual search for contraband, which did not violate the Fourth Amendment or article I, section 12 of the Florida Constitution, runs afoul of Florida’s constitutional right to privacy, article I, section 23 of the Florida Constitution. We therefore reverse the trial court’s order.
The practice under attack is a random interdiction program by the Broward County Sheriffs Department at the Fort Lauderdale Amtrak train station. On May 14, 1990, while waiting for a train at the station, defendant Dean was approached by two deputies from the Broward County Sheriffs Department. The deputies showed their badges and identification and asked the defendant if he would speak to them “for a minute.” He agreed. The deputies asked if the defendant *1011 was an Amtrak passenger. When he replied “yes,” they asked to see his ticket and identification. The defendant stated that he did not have any identification on him, but gave them his ticket. It was returned after “a couple of seconds.”
The deputies explained that to help combat drug and firearms smuggling, they asked members of the “travelling public” to cooperate and consent to a search of them luggage. The defendant consented. The defendant was chosen for the encounter completely at random, without probable cause or any artic-ulable reason. The search revealed cocaine contained in two zippered plastic bags. The defendant was arrested and charged with possession.
The United States Supreme Court in Bostick rejected a finding that random interdiction programs are per se offensive to the principles embodied by the Fourth Amendment. See Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). Following the dictates of Bostick, the trial court must conduct a factual inquiry into whether the defendant consented to the search to determine whether the particular encounter violates the Fourth Amendment.
The defendant concedes that under a Fourth Amendment analysis, the encounter was permissible. Although in a previous motion to suppress the defendant had asserted that he did not voluntarily consent, he does not now raise the issue of his consent, but solely bases his appeal on his right of privacy. Thus, the defendant has waived the issue of whether he voluntarily consented to a search of his luggage. It is therefore unnecessary for us to decide whether, under the circumstances, the consent was voluntary or implicitly coercive. See Cross v. State, 560 So.2d 228 (Fla.1990).
The trial court granted a second motion to suppress, based on the same set of facts, because the trial court found the random interdiction conducted by the deputies violated the defendant’s right to personal privacy as guaranteed by article I, section 23 of the Florida Constitution. Our privacy amendment provides:
Every natural person has the right to be let alone and free from governmental intrusion into his private life except as otherwise provided herein.
The identical argument made by the defendant here and accepted by the trial court, that the right to privacy may be utilized in place of the Fourth Amendment, was rejected by the Florida Supreme Court in State v. Jimeno, 588 So.2d 233 (Fla.1991). The United States Supreme Court had previously held in Jimeno that the defendant’s consent to search his vehicle encompassed a search of a closed brown paper bag found within the vehicle and therefore the search did not run afoul of the Fourth Amendment. Florida v. Jimeno, 500 U.S. 248, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991). On remand to the Florida Supreme Court, the defendant argued that the opening of the paper bag violated his right to privacy pursuant to article I, section 23 of the Florida Constitution. The Florida Supreme Court, in rejecting the alternative privacy argument, stated:
We reject this argument because of article I, section 12 of the Florida Constitution, which requires this Court to construe Fourth Amendment issues in conformity with rulings of the United States Supreme Court. As explained in State v. Hume, 512 So.2d 185 (Fla.1987), our right of privacy provision, article I, section 23, does not modify the applicability of article I, section 12, particularly since section 23 was adopted prior to the present section 12.
State v. Jimeno, 588 So.2d at 233. In Madsen v. State, 502 So.2d 948 (Fla. 4th DCA 1987), aff'd, 521 So.2d 110 (Fla.1988), Judge Hersey, in rejecting a similar application of the constitutional right to privacy, stated:
If we were to apply the right to privacy in the manner proposed by appellant, we would effectively nullify the constitutional amendment to section 12, and this is obviously not an appropriate judicial prerogative.
Id. at 950.
Although our express constitutional right to privacy covers more privacy interests and provides more protection for those interests than the federal constitution, Mozo v. State, 632 So.2d 623 (Fla. 4th DCA 1994), we are not permitted to construe the privacy *1012 amendment to provide constitutional protection for a defendant who has voluntarily consented to a search of his luggage in a public place, which he concedes does not run afoul of either the Fourth Amendment or article 1, section 12 of the Florida Constitution.
We also note that the initial encounter was in a public place — a train station. We thus question whether the zone of privacy would even extend to this voluntary police-citizen encounter. Compare Shaktman v. State, 553 So.2d 148 (Fla.1989); Mozo. As much as the defendant’s argument is an innovative way to attempt to circumvent a potentially more stringent search and seizure standard of review, it does not comport with existing state law which explicitly holds that our state constitutional right of privacy does not modify the search and seizure provisions of article I, section 12 of the Florida Constitution. State v. Hume, 512 So.2d 185, 189 (Fla.1987); see also State v. Jimeno; Madsen. Accordingly we reverse.
REVERSED AND REMANDED.
ANSTEAD and WARNER, JJ., concur.