821 So.2d 1202 (2002)
K. H., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2363.
District Court of Appeal of Florida, Fifth District.
July 26, 2002.
*1203 Ronald E. Fox of Ronald E. Fox, P.A., Umatilla, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
K.H., a juvenile, entered a plea of nolo contendere to charges of burglary of a structure and possession of alcohol by a minor pursuant to a negotiated plea agreement. Adjudication of delinquency was withheld only as to the burglary charge. On May 10, 2001, K.H. was sentenced to community control and, over objection, was ordered to submit two samples of blood for DNA testing pursuant to section 943.325, Florida Statutes (2000), which provides in pertinent part:
(1)(a) Any person who is convicted or was previously convicted in this state for any offense or attempted offense defined in chapter 794, chapter 800, s. 782.04, s. 784.045, s. 810.02, s. 812.133, or s. 812.135 and who is either:
1. Still incarcerated, or
2. No longer incarcerated but is within the confines of the legal state boundaries and is on probation, community control, parole, conditional release, control release, or any other court-ordered supervision,
shall be required to submit two specimens of blood to a Department of Law Enforcement designated testing facility as directed by the department.
§ 943.325(1)(a)1., 2., Fla. Stat. (2000) (emphasis supplied). The burglary charge falls within the definition of offenses addressed in section 810.02 of the Florida Statutes. "Any person" includes "both juveniles and adults committed to or under the supervision of the Department of Corrections or the Department of Juvenile Justice or committed to a county jail." § 943.325(1)(b), Fla. Stat. (2000).
On June 18, 2001, K.H. filed a motion to modify probation, arguing that the condition requiring her to submit the DNA samples should be eliminated because section 943.325 only applies to individuals who have been or are still incarcerated. The trial court denied the motion and K.H. appeals.
Our research has not revealed any case that has specifically interpreted the portions of section 943.325 that are applicable to the instant case.[1] Nonetheless, well established rules of statutory construction compel us to reverse that part of the sentence *1204 that requires K.H. to submit the DNA blood samples. Florida courts have consistently held that "`the plain meaning of statutory language is the first consideration of statutory construction.'" State v. Bradford, 787 So.2d 811, 817 (Fla.2001) (quoting Capers v. State, 678 So.2d 330, 332 (Fla.1996)). To that end, the language of a statute should be given effect without resort to extrinsic guides or judicial interpretation when the language is clear and unambiguous. See State v. Mark Marks, P.A., 698 So.2d 533 (Fla.1997); Holly v. Auld, 450 So.2d 217 (Fla.1984).
According to the clear and plain meaning of the statutory language, subparagraph 1. only applies to convicted persons who are "still incarcerated." Because K.H. was not incarcerated, the only portion of section 943.325 that arguably applies is subparagraph 2., which provides that a "convicted" person who is "[n]o longer incarcerated but is within the confines of the legal state boundaries and is on ... community control ... shall be required to submit two specimens of blood...." Obviously, to be "no longer incarcerated," one must have been incarcerated. In the instant case, K.H. was never incarcerated. Thus, the statute is inapplicable.
We note that section 943.325 has been amended and that the 2001 version, which became effective on July 1, 2001, differs significantly from the 2000 version.[2] The addition of the language "or has never been incarcerated" in the 2001 version of section 943.325(1)(a)2. lends support for the conclusion we reach that the 2000 version, absent such language, only applies to convicted persons who are or were incarcerated.
Accordingly, based on the facts and circumstances of the instant case, the portion of K.H.'s sentence requiring her to submit the DNA blood samples must be stricken. The remaining portion of the sentence is affirmed.
AFFIRMED as MODIFIED.
PETERSON and ORFINGER, R. B., JJ., concur.
NOTES
[1] Although we have not found any Florida case that has specifically interpreted the 2000 version of section 943.325, the statute has been held constitutional. In L.S. v. State, 805 So.2d 1004 (Fla. 1st DCA 2001), review denied, 821 So.2d 297 (2002), L.S., a juvenile, pled nolo contendere to a burglary charge. Adjudication was withheld, and L.S. was placed on community control. Pursuant to section 943.325, the state requested that L.S. be required to give a blood sample for DNA testing. Defense counsel objected and filed a motion to declare section 943.325 unconstitutional as applied to the offense of burglary, asserting that it violated several constitutional guarantees. The trial court found section 943.325 was constitutional as applied to L.S. The First District Court agreed, concluding that

a "convicted" person, as defined in section 943.325, has no reasonable expectation of privacy with respect to the taking of a blood sample for DNA testing that outweighs the state's interests in identifying convicted felons in a manner that cannot be circumvented, in apprehending criminals, in preventing recidivism, and in absolving innocent persons charged with crimes.
L.S., 805 So.2d at 1008. Although L.S. is factually similar to the instant case, it is unclear whether the First District Court was addressing the 2000 or 2001 version of section 943.325. Since the First District Court did not address the actual application of the statute to L.S.'s plea and sentence, it is more likely that the court considered the 2001 version which specifically requires blood samples to be submitted by individuals who have not been incarcerated. See § 943.325(1)(a)2., Fla. Stat. (2001). Otherwise, the court would have had to address the very issue presented by K.H. in the instant appeal.
[2] The 2001 version of section 943.325 provides in pertinent part:

(1)(a) Any person who is convicted or was previously convicted in this state for any offense or attempted offense enumerated in paragraph (b), and any person who is transferred to this state under Article VII of the Interstate Compact on Juveniles, part V of chapter 985, who has committed or attempted to commit an offense similarly defined by the transferring state, who is either:
1. Still incarcerated, or
2. No longer incarcerated, or has never been incarcerated, yet is within the confines of the legal state boundaries and is on probation, community control, parole, conditional release, control release, or any other type of court-ordered supervision, shall be required to submit two specimens of blood or other biological specimens approved by the Department of Law Enforcement to a Department of Law Enforcement designated testing facility as directed by the department.
§ 943.325(1)(a)1., 2., Fla. Stat. (2001) (emphasis supplied).