874 So.2d 719 (2004)
Raymond SPRINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1294.
District Court of Appeal of Florida, Fifth District.
June 4, 2004.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Raymond Springer appeals the judgment and sentence growing out of his conviction of lewd and lascivious molestation of a 10-year old girl in violation of section 800.04(5)(b), Florida Statutes (2002). Mr. Springer raises four issues on this appeal. As we find that none are meritorious, however, we affirm.
Mr. Springer first argues that the partial closure of the courtroom in accordance with section 918.16, Florida Statutes (2002), during the testimony of the victim *720 denied him a right to a fair and open public trial. This issue was previously addressed by this court in Clements v. State, 742 So.2d 338 (Fla. 5th DCA 1999), which we view as dispositive.
Mr. Springer next contends that the trial court abused its discretion in permitting the State to play the videotaped statement of the victim to the jury after the victim had testified. The trial court admitted the videotape pursuant to section 90.803(23), Florida Statutes (2002).[1] Under similar circumstances the Fourth District Court of Appeal affirmed a conviction for sexual battery in Mikler v. State, 829 So.2d 932 (Fla. 4th DCA 2002). We concur with the reasoning expressed in that decision.
The third issue presented by Mr. Springer posits that the requirement that he give DNA samples as required by section 943.325, Florida Statutes (2002), violates his Fourth Amendment right to be free from unlawful searches. This issue was resolved by the First District Court of Appeal in L.S. v. State, 805 So.2d 1004 (Fla. 1st DCA 2001), review denied, 821 So.2d 297 (Fla.2002). As we agree with our sister court in this regard, we find no error.
The final issue presented argues that Mr. Springer's designation as a sexual predator violates his due process rights. We have addressed this issue in Rickman v. State, 871 So.2d 310 (Fla. 5th DCA 2004); Martin v. State, 864 So.2d 589 (Fla. 5th DCA 2004), and have concluded that the designation does not offend due process. As we did in Rickman and Martin, however, we certify conflict with Espindola v. State, 855 So.2d 1281 (Fla. 3d DCA 2003).
AFFIRMED.
SHARP, W., THOMPSON, and MONACO, JJ., concur.
NOTES
[1] Both parties agree that Crawford v. Washington, ___ U.S. ___, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), is inapplicable to the present case.