GRIFFIN, J.
Appellant, Brian T. Hagen [“Hagen”], appeals his judgment and sentence contending that the trial court erred in entering an order'finding him in contempt of court. We affirm.
On April 27, 2004, Hagen was called by the State to testify in the jury trial of Vernon Stanley Williams [“Williams”].[1] Hagen testified that he had been convicted of four prior felonies and was currently in the custody of the Department of Corrections. He was asked if he had received any deals or promises from counsel, the State Attorney’s Office or the sheriffs office in exchange for his testimony; he replied he had not. Hagen further testified that the sentence he was currently serving would not be affected by his testimony against Williams. Counsel then asked him if he had been a passenger on an airplane with Williams, and Hagen responded, “I’d have to maintain the Fifth on that. I’ve talked to private counsel and they’ve addressed to me that it’s in my best interest to go ahead and do this.” The court then asked the attorneys to approach the bench. The following discussion ensued:
[State]: His case has been dropped. He has no pending cases here. His only big concern at the deposition was that he could be federally charged. I obviously can’t give him immunity for federally charging.
[Court]: He’s under a State subpoena.
[State]: He is.
[Court]: So the subpoena has granted him use ... immunity.
[State]: Correct.
[Court]: We’re going to have to take the jury out. Well, I mean unless—
[State]: I didn’t expect him to do that.
[Defense]: I didn’t either.
[Court]: Okay. Well, let’s — what’s your inclination? Again, he can’t — I mean, you can’t confer immunity on the FED situation?
[Defense]: No, Judge.
[State]: No, no, Judge. I know that the Federal government is not proceeding on this case because I have it—
[Court]: All right. [State], before I make inquiry of Mr. Hagen direct, has in fact Mr. Hagen ... He has been subpoenaed pursuant to Florida Statute?
[State]: Yes, sir.
[Court]: All right. Mr. Hagen, do you understand that by being subpoenaed by *979 the State of Florida, by the State Attorney’s Office, that what’s use and derivative use of immunity is conferred upon you by the State’s giving you a subpoena. Do you understand that?
[Hagen]: No, I don’t understand the legal aspect of it, no.
[Court]: That’s part of my job as the Judge is to try and explain certain legal matters to you, sir. Do you understand that nothing you can say can be used by the State Attorney’s Office or the people of the State of Florida against you or what you say that could derivatively lead to further information? It’s not absolute immunity but it’s what’s called use and derivative use immunity. Do you understand that?
[Hagen]: I have other issues that are starting to open back up towards this and it’s in my best interest to plead the Fifth and that’s it. I have to. I have other cases right now that are — I’m hiring — my family is getting counsel right now to go ahead and appeal my other cases. And they’ve recommended to me it is in my best interest to keep my mouth — Fifth and that’s it.
Williams’ counsel suggested that the court should appoint an attorney to advise Ha-gen.
The court shifted to an order to show cause hearing, explaining to Hagen that he was lawfully subpoenaed and that he faced the possibility of incarceration for contempt of court. After inquiring as to Ha-gen’s financial status, the court decided to appoint the Office of the Public Defender to represent Hagen. He identified a public defender in the courtroom, appointed him to represent Hagen and allowed the Public Defender and Hagen a ten minute recess to confer. At the end of the recess, the Public Defender advised the court that Hagen indicated he was not going to testify. Counsel offered as good cause:
Your Honor, my client is concerned that his testimony could be used in federal charges against him. I believe the federal charges. still has [sic] one more year — they still could be pending. The statute of limitations hasn’t run yet and he is afraid that any testimony he gives could subject him to those charges.
When asked by the court, Hagen responded that he had not yet been indicted by the federal government, but that since the charges involved an airplane he understood charges by the federal government were possible. The court appears to have concluded that good cause had not been shown because Hagen was not facing federal charges. The court adjudged Hagen to be in contempt and sentenced him to five months and twenty-nine days’ imprisonment to be served consecutively to the time currently being served.
On appeal, the parties all seem to agree that the controlling law is different than what the hearing participants discussed. Since the United States Supreme Court’s 1964 decision in Murphy v. Waterfront Commission, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964), the federal government may not use testimony that a person has given after a grant of immunity under state law. The defendant therefore urges that he was not in contempt because he relied on counsel’s erroneous legal advice, rendering his refusal to testify not willful disobedience.
The State agrees that it would be error for the court to find Hagen in contempt of court if he relied on the misadvice of appointed counsel. However, the State argues that any reversal based on Hagen’s misapprehension of the law should be based on ineffective assistance of counsel rather than trial court error. The State suggests the court should affirm the judgment and sentence without prejudice to Hagen to raise the claim in a motion for post-conviction relief.
*980 Hagen responds that a claim of ineffective assistance may be raised on direct appeal where the ineffectiveness is apparent on the face of the record. The record does suggest (although it does not conclusively establish) that the hearing participants were not aware that State immunity would extend to a federal prosecution. However, according to Hagen’s statements in the record, his decision not to testify was based on advice given by an unnamed previously-consulted attorney. Whether Hagen’s refusal is excused by ineffective assistance of counsel may depend on that advice. A hearing would be required to ascertain the facts, such as exactly what advice was given, by whom and when, and based on what information. It is also unclear what, if any, advice the assigned public defender gave Hagen, what weight he gave it, and whether this counsel’s representation was deficient under the circumstances. We therefore agree with the State that the record does not demonstrate ineffective assistance of counsel and that this claim must be asserted in a post-conviction motion.
AFFIRMED.
PALMER and ORFINGER, JJ., concur.

. Williams was charged by information with trafficking in cannabis. He was piloting a plane which was secured by the United States Air Force upon landing for violating or diverting from its flight plan. Sixty-five pounds of cannabis were subsequently found on the plane. Hagen was the passenger on the plane at the time the cannabis was found. Apparently, each denied knowledge of the cannabis and claimed it belonged to the other.