SHARP, W., J.
Morris appeals from his judgment and sentences for sexual battery with a deadly *430 weapon or physical force and burglary of a dwelling with an assault or battery entered pursuant to his no contest pleas.[1] On appeal, Morris raises three issues: 1) the trial court erred by denying his motion to withdraw his pleas based on defense counsel’s failure to advise him the burglary charge was barred by the statute of limitations, 2) his conviction for burglary must be vacated because it is barred by the statute of limitations, and 3) the condition of probation requiring him to submit biological specimens for DNA testing is unconstitutional.
We conclude Morris failed to preserve the issue regarding the statute of limitations and his counsel’s alleged ineffectiveness regarding this issue must be presented in a motion for post-conviction relief. We reject Morris’ argument that the DNA testing requirement violates his constitutional right to be free from unreasonable searches and seizures and conclude that his other constitutional challenges to this probation condition have not been preserved for review. Accordingly, we affirm Morris’ judgment and sentences without prejudice to his right to seek post-conviction relief with respect to his claim of ineffective assistance of counsel.
The record in this case establishes that Morris was charged by information in August 2003 with two counts of sexual battery, burglary of a dwelling with an assault or battery, aggravated battery causing great bodily harm, and false imprisonment. The state filed notices seeking to have Morris sentenced as an habitual violent offender, habitual violent felony offender and prison releasee reoffender.
According to the state, Morris broke into the home of the victim on October 14, 1998, and brutally beat and raped her. The victim was unable to identify her assailant from photo line-ups and pictures of possible suspects. A composite drawing of the assailant was distributed with no results. Due to a lack of investigative leads, the case was inactivated in 1999. It was not until 2003 that new DNA testing methods produced a match to Morris.
Defense counsel moved to dismiss the aggravated battery and false imprisonment charges filed against Morris on the ground the prosecution of those charges was beyond the applicable three-year statute of limitations. At the hearing on this motion, defense counsel argued the statute of limitations had clearly expired on the aggravated battery and false imprisonment charges. However, defense counsel did not argue any of the other offenses were barred by the statute of limitations.
The trial judge granted the motion and dismissed the aggravated battery and false imprisonment charges. The parties discussed plea offers (Morris wanted 5 years in prison but the state was offering 30 years) and did not reach an agreement.
On the day of trial, defense counsel told the judge that Morris would not accept the state’s 30 year plea offer. The prosecutor told Morris if he went to trial and was found guilty, he could get two consecutive life sentences for sexual battery and burglary, a first degree felony punishably by life.[2] Morris then asked whether he could be convicted of a life felony “under habitual status.” The prosecutor told Morris the burglary was already punishable by life but with habitual felony offender sentencing, the burglary becomes a life felony. After discussing the matter with defense counsel, Morris declined the plea offer.
*431 A short time later, the prosecutor made a new plea offer. Morris accepted the offer and agreed to enter no contest pleas to one count of sexual battery and the burglary. The state nol prossed the other sexual battery charge and recommended a sentence of 26 years in prison without habitual felony offender status (for the burglary), concurrent to any sentence Morris was serving, followed by 30 years of sex-offender probation (for the sexual battery). The court accepted the pleas and deferred sentencing so the victim could be present.
At the sentencing hearing, defense counsel told the judge Morris was “making some concerns that he wants to withdraw his plea.” Defense counsel explained Morris was concerned the burglary may not be considered a life felony and if so, he may be able to move to dismiss that charge on statute of limitations grounds. Defense counsel said she advised Morris that it was classified as a life felony. Morris told the judge: “I would have never — I would have went to trial on Count I [sexual battery] but not to the other count, because I believe that it wasn’t — it shouldn’t have been on the plea. I would have never signed to it.” The judge denied the motion to withdraw plea and this appeal ensued.
We first address Morris’ argument that prosecution of the burglary charge was barred by the applicable four-year statute of limitations and so the trial court lacked jurisdiction to impose a judgment and sentence for the charge. In Florida, statutes of limitation on crimes are not jurisdictional and the defendant may waive the statute of limitations defense. Doyle v. State, 783 So.2d 295 (Fla. 1st DCA), rev. denied, 796 So.2d 536 (Fla.2001); Mercer v. State, 654 So.2d 1221 (Fla. 5th DCA 1995); Lowe v. State, 501 So.2d 79 (Fla. 5th DCA 1987).
Here, Morris successfully moved to dismiss the aggravated battery and false imprisonment charges on statute of limitations grounds. However, Morris did not move to dismiss the burglary charge. Thus this issue has not been preserved for review. See § 924.051, Fla. Stat.; Oliver v. State, 379 So.2d 143 (Fla. 3d DCA 1980) (defendant who failed to present or preserve any issue below with respect to the statute of limitations could not now assert the applicability of the statute of limitations for the crime for which he pleaded no" contest).
We next address Morris’ claim the trial court erred by denying his motion to withdraw his pleas based on defense counsel’s failure to advise him the burglary charge was barred by the statute of limitations. The standard of review of a trial court’s decision on a motion to withdraw a plea is abuse of discretion. Wagner v. State, 895 So.2d 453 (Fla. 5th DCA 2005); Gunn v. Stale, 841 So.2d 629 (Fla. 2d DCA 2003). To withdraw a plea before sentencing, the defendant has the burden to show good and sufficient cause to support the withdrawal. See Fla. R.Crim. P. 3.170(f).
On appeal, Morris contends his defense counsel incorrectly advised him that the burglary charge was a life felony and was not barred by the statute of limitations. Morris claims that had he known the burglary was a first degree felony and barred by the statute of limitations, he would not have entered a plea to both charges and would have gone to trial on the sexual battery charge.
A first degree felony is not a life felony even though it may be punishable by life imprisonment.[3] Burglary is a felony of the *432 first degree, which is punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in sections 775.082, 775.083, or 775.084, if, in the course of committing the offense, the offender makes an assault or battery upon any person. § 810.02(2)(a), Fla. Stat. Thus the burglary charge, although punishable by life imprisonment, was not a life felony, but rather was a first degree felony. Dade County v. Goldstein, 384 So.2d 183, 190 n. 6 (Fla. 3d DCA 1980) (robbery and burglary charges were first degree felonies and not life felonies even though they were punishable by a maximum of life imprisonment).
A prosecution for a felony of the first degree must be commenced within four years of the commission of the offense. § 775.15(2)(a). Here the state alleged the burglary occurred in October 1998. Thus the statute of limitations would have expired in October 2002, assuming it was not extended or tolled.
Nevertheless, the fact that prosecution of the burglary may have commenced beyond the limitations period does not automatically mean that Morris was entitled to withdraw his pleas. Morris may have accepted the state’s plea offer, even if it meant a conviction on the burglary charge, in order to avoid a harsher sentence. See Baker v. State, 879 So.2d 663, 664 (Fla. 5th DCA 2004) (“We also observe, based on the record, that by entering his plea [to robbery], Baker avoided the possibility of being convicted of armed robbery and thereby facing a longer potential sentence.”).
Here Morris was facing a life sentence for sexual battery with a deadly weapon or physical force, which is a life felony. § 794.011(3)(“A person who commits sexual battery upon a person 12 years of age or older, without that person’s consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury commits a life felony ... ”). There is no statute of limitations defense to this charge. § 775.15(l)(a) (a prosecution for a capital felony, a life felony, or a felony that resulted in a death may be commenced at any time).
Morris also faced sentencing as an habitual felony offender, habitual violent felony offender and prison releasee reoffen-der. If Morris were sentenced to life in prison as a prison releasee reoffender, for example, he would not be eligible for parole, control release, or any form of early release. § 775.082(9)(b). In short, he would be serving a true life sentence.
The evidence against Morris was substantial. Using new DNA testing methods, the state was able to match DNA taken from a vaginal swab of the victim to Morris. Morris lived less than a mile and a half from the victim. A witness positively identified Morris as the person she saw in the vicinity of the victim’s home shortly before the crimes.
When confronted with the DNA evidence, Morris told police the only way his semen could have been obtained from the victim was if the victim came to his house and had sex with him in return for drugs or money. However, the victim was severely injured [laceration above her right eye requiring six stitches, multiple contusions to her head, compression fracture to her spine which required surgery, vaginal trauma and hemorrhaging on her neck, *433 consistent with choking and loss of oxygen] and so this seems to be an unlikely scenario.
In these circumstances, accepting a plea to both the sexual battery and burglary charges with a sentence of only 26 years in prison and without enhanced sentencing may have seemed reasonable. Unfortunately, these matters were not developed at the hearing because defense counsel told the judge the burglary was a life felony. We cannot fault the trial judge for denying the motion to withdraw when defense counsel represented there was no basis to Morris’ claim. Morris’ avenue of relief at this point is to pursue a post-conviction claim for ineffective assistance of trial counsel. See Cordes v. State, 842 So.2d 874 (Fla. 2d DCA 2003) (defense counsel’s failure to investigate statute of limitations defense for fraud and forgery offenses prior to advising defendant to plead no contest prejudiced defendant, as required to support claim of ineffective assistance of counsel).
Morris, however, argues that his trial counsel’s ineffectiveness is clear on the record and so relief should be granted now. Barber v. State, 901 So.2d 364 (Fla. 5th DCA 2005) (if the record on its face reflects the merit of a claim of ineffective assistance of trial counsel, appellate court may consider the issue on direct appeal).
While the error concerning classification of the burglary may be apparent from the record, Morris’ motivation in accepting the plea is not clear. The court and prosecutor emphasized to Morris at the plea hearing that he was facing a possible life sentence “with no chance of parole.” And, at a pretrial hearing, Morris himself stated: “It’s never my intention — it’s not my intention to bring a witness through any undue emotional distress of any — to take it any further, if we can resolve it in a plea.”
With rare exceptions, ineffective assistance of trial counsel claims are not cognizable on direct appeal. They should normally be raised on a motion for post-conviction relief in the trial court where the issues of counsel’s incompetence and ineffectiveness can be fully developed, if necessary, after an evidentiary hearing. McMullen v. State, 876 So.2d 589 (Fla. 5th DCA 2004).
In Hagen v. State, 898 So.2d 977 (Fla. 5th DCA 2005), this court held that a claim of ineffective assistance of counsel should be asserted in a post-conviction motion, instead of on direct appeal, in circumstances somewhat similar to this case. In Hagen, the defendant took the fifth amendment and refused to testify at the trial of another even though he had been granted immunity by the state. The defendant was facing possible federal charges stemming from the same incident at issue in the state trial and declined to testify after consulting with private counsel and the Public Defender. He was held in contempt of court for refusing to testify and sentenced to 5 months 29 days imprisonment.
Apparently the legal advice given to the defendant was erroneous-the federal government may not use testimony that a person gives after a grant of state immunity. On appeal from his contempt conviction, the defendant argued he was not in contempt because he relied on counsel’s erroneous legal advice and therefore his refusal to testify was not willful disobedience. The state agreed that it would be error to hold the defendant in contempt if he relied on the misadvice of appointed counsel. However, the state argued that any reversal based on Hagen’s misapprehension of the law should be based on ineffective assistance of counsel rather than trial court error. The defendant argued his claim of ineffective assistance *434 could be raised on direct appeal because it was apparent on the face of the record.
This court rejected the defendant’s argument, explaining:
The record does suggest (although it does not conclusively establish) that the hearing participants were not aware that State immunity would extend to a federal prosecution. However, according to Hagen’s statements in the record, his decision not to testify was based on advice given by an unnamed previously-consulted attorney. Whether Hagen’s refusal is excused by ineffective assistance of counsel may depend on that advice. A hearing would be required to ascertain the facts, such as exactly what advice was given, by whom and when, and based on what information. It is also unclear what, if any, advice the assigned public defender gave Hagen, what weight he gave it, and whether this counsel’s representation was deficient under the circumstances. We therefore agree with the State that the record does not demonstrate ineffective assistance of counsel and that this claim must be asserted in a post-conviction motion.
898 So.2d at 980.
In the present case, the existence of a statute of limitations defense to the burglary charge would lend credence to Morris’ claim that he would not have entered the pleas but for counsel’s deficient advice, see Cordes, but does not conclusively establish that fact. Morris may have been motivated to accept the plea agreement to escape a life sentence without possibility of parole. A hearing may be required to determine if there is a reasonable probability that, but for counsel’s error, Morris would not have entered a plea and instead would have insisted on going to trial.
Finally, we address Morris’ argument the condition of his probation that he submit blood or other biological specimens for DNA testing pursuant to section 943.325 is unconstitutional. Morris argues this condition violates his right to be free from unconstitutional searches and seizures, due process of law, equal protection and the right to privacy because it requires him to submit biological specimens without probable cause that testing of those specimens will reveal evidence he has committed a crime.
Defense counsel objected to this condition on the basis that it violated Morris’ constitutional right to be free from unreasonable searches and seizures, relying on United States v. Kincade, 345 F.3d 1095 (9th Cir.2003). A divided panel in Kin-cade originally held that the federal DNA collection statute violated the fourth amendment. However, that decision was reversed on rehearing en banc with the majority concluding the federal statute was reasonable and does not violate the fourth amendment. United States v. Kincade, 379 F.3d 813 (9th Cir.2004), cert. denied, — U.S. -, 125 S.Ct. 1638, 161 L.Ed.2d 483 (2005).
This court and our sister courts have also rejected constitutional challenges to section 943.325. Smalley v. State, 889 So.2d 100 (Fla. 5th DCA 2004) (statute requiring defendant convicted of second degree murder to submit DNA samples did not violate his fourth amendment right against unreasonable searches and seizures; defendant did not have reasonable expectation of privacy in blood samples that outweighed state’s interest in apprehending criminals, preventing recidivism and absolving innocent persons);[4] Springer v. State, 874 So.2d 719 (Fla. 5th DCA *435 2004) (statutory requirement that defendant, who was convicted of lewd and lascivious molestation, provide DNA samples did not violate his fourth amendment right to be free from unlawful searches); Gonzalez v. State, 869 So.2d 1231 (Fla. 2d DCA 2004) (finding no merit to defendant’s argument that section 943.325 is unconstitutional); L.S. v. State, 805 So.2d 1004 (Fla. 1st DCA 2001), rev. denied, 821 So.2d 297 (Fla.2002) (DNA testing requirement did not violate juvenile’s right to be free from unreasonable searches and seizures under fourth amendment, did not deny equal protection and did not violate rights of privacy under state constitution).
Thus both Florida and the case relied on by defense counsel have rejected the claim that compulsory DNA testing violates the fourth amendment. Defense counsel did not raise the other constitutional challenges to section 943.325 and so these issues have not been preserved for review. Ertley v. State, 785 So.2d 592 (Fla. 1st DCA 2001) (defendant’s objections to conditions of probation on constitutional grounds were not properly preserved for appellate review, where objections were not raised below or were perfunctorily raised).
AFFIRMED without prejudice to Morris’ right to seek post-conviction relief with respect to his claim of ineffective assistance of counsel.
GRIFFIN and SAWAYA, JJ., concur.

. § 794.011(3); § 810.02(2)(a), Fla. Stat.

. The prosecutor conceded double jeopardy would prevent Morris from being convicted of both sexual batteries.

. Compare § 775.081(l)(b); § 775.082(3)(a)3., Fla.Stat. (a life felony is defined as a crime punishable by a term of ■imprisonment for life or by imprisonment for *432 a term of years not exceeding life imprisonment) with § 775.081(l)(c); § 775.082(3)(b), Fla. Stat. (felony of the first degree is punishable by a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment).

. Morris acknowledges the holding in Smalley but submits it was incorrectly decided. Morris, however, does not argue how this court erred and does not cite any new authority which suggests Smalley is incorrect.