ALTENBERND, Judge.
Lenzy Dixon appeals his judgments and sentences for felon in possession of a firearm and sexual battery without violence. We affirm with some hesitation because it is clear that the statute of limitations had expired for the offense of sexual battery before this prosecution was commenced. Mr. Dixon entered into a negotiated plea while he had a pending motion to discharge his lawyer for failure to raise a statute of limitation defense. We cannot tell from this record whether there was a tactical reason not to raise this defense and accordingly affirm without prejudice to a motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.850.
*1243 Mr. Dixon was arrested on March 29, 2006, on the charge of felon in possession of a firearm. He had pawned a handgun and from his fingerprints on the pawn records, it was established that he had a prior felony.[1]
While he was in jail on these charges, law enforcement somehow developed Mr. Dixon as a suspect for a rape that had occurred in Pinellas County in October 1995. His DNA matched evidence preserved from that sexual battery, and the victim positively identified Mr. Dixon as the rapist.
Mr. Dixon was charged with the firearms offense in early 2006 in CRC06-06722 and with sexual battery with force or violence in August 2006 in CRC06-16618. Questions arose concerning Mr. Dixon’s competence. He was declared incompetent to proceed. His competence was not restored until December 2008.
In March 2009, Mr. Dixon wrote a letter to the trial court complaining that his lawyer would not raise statute of limitations as a defense to the charge of sexual battery. Thereafter, on May 14, 2009, he filed a motion to discharge counsel for the same reason.
About two weeks later, while the motion to discharge was apparently pending, Mr. Dixon appeared before the trial court for an “off-calendar” hearing. The State and defense counsel had arranged an agreed disposition for both cases. Using a written negotiated plea form, they agreed that the sexual battery charge would be reduced to sexual battery without violence, a second-degree felony, and that Mr. Dixon would receive a sentence of 121.65 months’ incarceration, which was the minimum sentence under the 1995 guidelines. For the firearms offense, Mr. Dixon agreed to plead to the charged offense for a sentence of time served. Because of the competency issue, time served was 1057 days.
At the plea and sentencing hearing, the trial court conducted a normal plea colloquy. Mr. Dixon’s motion to discharge counsel and his concern about the statute of limitations were not mentioned by anyone. It is likely that the presiding judge was unaware of the motion to discharge that was pending in the court file.
Following the hearing, Mr. Dixon filed a pro se request to appeal his judgments and convictions, which has been treated as an appeal in both cases. Initially, influenced by the negotiated plea, his attorney filed an Anders[2] brief, and the State concurred that no issue was arguable in the case. This court, however, was concerned with Mr. Dixon’s position on the statute of limitations and, thus, ordered supplemental briefing.
It now appears that, in charging Mr. Dixon, the prosecutors believed section 775.15(15)(a), Florida Statutes (2006) — which permits a prosecution for certain offenses within one year after the date on which the identity of the accused is established, or should have been established by the exercise of due diligence, through the analysis of DNA — authorized the prosecution of Mr. Dixon more than ten years after the charged offense. The problem, however, is that this statute had not been enacted when the statute of limitations for this sexual battery offense otherwise expired. The State now concedes that this action could have been dismissed and Mr. Dixon discharged of this crime if the statute of limitations had been raised *1244 by his attorney as Mr. Dixon requested. See generally Lawson v. State, 51 So.3d 1287 (Fla. 2d DCA 2011) (holding that subsections 775.15(15) & (16) did not apply where three-year statute of limitations expired on January 25, 2006, and thus prosecution was barred by the statute of limitations).
The State does not concede error in this case or agree that Mr. Dixon should be discharged of this offense. On the other hand, it has offered no ready explanation as to why he would knowingly plead to an offense that was barred by the statute of limitations. The State recognizes that nothing in the record establishes a knowing and intelligent waiver of Mr. Dixon’s right to raise this defense. See generally Tucker v. State, 459 So.2d 306, 309 (Fla. 1984) (holding defendant was not entitled to jury instructions on lesser-included offenses because his request did not constitute a waiver of the statute of limitations on those offenses; such a waiver must be “knowingly, intelligently and voluntarily made”).
Despite our concerns, we recognize that Mr. Dixon pleaded to this offense in exchange for a sentence of approximately ten years’ imprisonment. At the same time, he pleaded to being a felon in possession of a firearm and received time served. The firearms offense was governed by the Criminal Punishment Code and could have resulted in at least a fifteen-year-term of incarceration. From our record, we cannot rule out the possibility that Mr. Dixon could have been treated as a habitual offender for purposes of sentencing on the firearms offense. Accordingly, despite the seriousness of pleading to a sexual battery, we cannot eliminate the possibility that Mr. Dixon’s attorney was concerned that his client could receive an even longer sentence for the firearms offense if he successfully obtained a discharge of the sexual battery offense. See Moms v. State, 909 So.2d 428, 431-33 (Fla. 5th DCA 2005) (affirming denial of defendant’s motion to withdraw plea where court could not rule out strategic reasons why defense counsel may have chosen to waive statute of limitations defense in order to avoid a harsher sentence).
With this explanation, we affirm the judgments and sentences on appeal without prejudice to Mr. Dixon’s right to file a timely postconviction motion.
Affirmed.
WHATLEY and WALLACE, JJ., Concur.

. He had actually served two separate terms of imprisonment, first for trafficking in stolen property in 1992 and then for a burglary and theft in 1996.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).