# Third District Court of Appeal

## State of Florida

Opinion filed December 21, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1635
Lower Tribunal No. 11-10772
_____

**Earvin Smith,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jeffrey R. Geldens, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and WELLS, SHEPHERD, ROTHENBERG, LAGOA, SALTER, EMAS, FERNANDEZ, LOGUE and SCALES, JJ.

PER CURIAM.

## ON HEARING EN BANC

Appellant, Earvin Smith ("Smith"), appeals from his convictions and sentences for armed sexual battery and armed burglary. On the court's own motion, and pursuant to rule 9.331(a) and (c), Florida Rule of Appellate Procedure, we have determined it is necessary to proceed en banc in this case in order to maintain uniformity in this court's decisions.[1]

For the reasons that follow, we affirm the conviction and sentence for armed sexual battery, but reverse the conviction and sentence for armed burglary. We further clarify the case law within our district regarding whether the statute of limitations can be raised for the first time on appeal as to the crime charged in the information, and certify to the Florida Supreme Court a question of great public importance.

## I. FACTS AND PROCEDURAL HISTORY

Smith was arrested and charged with three counts of armed kidnapping, three counts of aggravated assault with a firearm, and one count each of attempted armed robbery, armed burglary, and armed sexual battery. The crimes charged

---

[1] Florida Rule of Appellate Procedure 9.331(a) authorizes a district court of appeal to order that a proceeding pending before the court be determined en banc if the case is of exceptional importance or if necessary to maintain uniformity in the court's decision. This case is heard en banc so that this court may clarify the law within this district and, in doing so, recede from our decisions in Fondon v. State, 581 So. 2d 188 (Fla. 3d DCA 1991) and Harper v. State, 43 So. 3d 174 (Fla. 3d DCA 2010), to the extent that they conflict with our decision in this case. We also certify to the Florida Supreme Court a question of great public importance.

took place in September of 1990; however, Smith was not arrested or charged until 2011, when a DNA test of evidence collected by the Rape Treatment Center at the time of the offense yielded a match to Smith.[2]

In 1990 (the time of the crimes), Smith was sixteen years old. By the time of his arrest in May of 2011, Smith was thirty-six years old. Following his arrest, the State filed a felony information in adult court, charging him with the above-described crimes. At arraignment, Smith's appointed counsel entered a plea of not guilty, demanded discovery, and further demanded a trial by jury.

During the pretrial stages, Smith moved to dismiss several of the charges as barred by the statute of limitations. Specifically, Smith moved to dismiss the three counts of aggravated assault with a firearm.[3] After a hearing, the State agreed with

---

[2] According to E.H., the victim, on or about September 15, 1990, she was asleep in her house when an armed man wearing a ski mask forcibly raped her, after threatening to shoot her and her children. Once the perpetrator left the house, E.H. called the police and was transported to the Rape Treatment Center, where a rape test kit was utilized and DNA of the perpetrator was recovered. However, the perpetrator was not identified or apprehended at that time. More than twenty years later, Smith became a suspect after the Miami-Dade crime lab reported a CODIS match between Smith's DNA and the DNA sample obtained in 1990. Subsequent lab testing confirmed the DNA match. At trial, Smith did not contest the fact that he had sex with E.H., but rather contended that he did not break into the house or threaten E.H. or the children, that he was not armed, and that E.H. consented to having sex in exchange for Smith providing her with drugs.

[3] Aggravated assault is a third-degree felony. § 784.021(2), Fla. Stat. (1990). However, the allegation of use of a firearm reclassifies the offense to a second-degree felony, see section 775.087(1)(d), Florida Statutes (1990), and those charges were therefore subject to a three-year statute of limitations. See § 775.15(2)(b), Fla. Stat. (1990).

3

Smith's motion and nolle prossed those three counts.  At that time, the trial court inquired whether the defense was seeking dismissal of any other counts based upon the statute of limitations, and defense counsel indicated they were not seeking dismissal of any other counts, and that all of the remaining counts were life felonies.[4]

Nevertheless, at trial following presentation of the State's case, Smith moved for dismissal of the attempted armed robbery charge, based upon the statute of limitations.   The attempted armed robbery charge was a second-degree felony,[5] and was therefore subject to a three-year statute of limitations.  See § 775.15(2)(b), Fla. Stat. (1990).  The trial court granted the motion, and dismissed the attempted armed robbery charge, leaving for the jury's consideration the charges of armed burglary and armed sexual battery.  The jury found Smith guilty of both charges. The court imposed two concurrent, twenty-two year prison sentences with a three-year minimum mandatory for actual possession of a firearm.

As it turned out, the armed burglary, as charged in the information, was not a life felony (which has no statute of limitations) but a first-degree felony

---

[4] Prior to the commencement of the trial, the State also nolle prossed the three armed kidnapping counts, and trial commenced on the three remaining counts— attempted armed robbery, armed burglary and armed sexual battery.

[5] Armed robbery with a firearm or deadly weapon is a first-degree felony punishable by life.   See § 812.13(2)(a), Fla. Stat. (1990).   Attempted armed robbery with a firearm is a second-degree felony, § 777.04(4)(b), Fla. Stat. (1990), and subject to a three-year statute of limitations.

punishable by life (which is subject to a four-year statute of limitations).[6]

However, Smith did not file a motion to dismiss the armed burglary or otherwise

raise a statute-of-limitations challenge to that count in the trial court.

On appeal, Smith raises two claims: 1) the State was required to prosecute

him as a juvenile pursuant to the Florida Juvenile Justice Act, Chapter 39, Florida

Statutes (1990) because he was sixteen years old at the time of the offenses; and 2)

the conviction and sentence for the armed burglary must be reversed as barred by

the statute of limitations, and may be raised for the first time on appeal as

fundamental error. We review these claims de novo.

## II. ANALYSIS

### A. Was the State required to prosecute Smith as a juvenile in accordance with the 1990 version of Chapter 39, Florida Statutes?

Smith argues that he should have been originally charged and tried as a

juvenile because he was sixteen years old at the time of the offense. We note,

preliminarily, that any such right is statutory and not of constitutional dimension.

Article I, Section 15(b) of the Florida Constitution provides:

> When authorized by law, a child as therein defined may be charged
> with a violation of law as an act of delinquency instead of crime and
> tried without a jury or other requirements applicable to criminal cases.

---

[6] As discussed infra, the State could have charged the armed burglary count in such a way that it would have constituted a life felony, not subject to any limitations period. See § 775.15(1), Fla. Stat. (1990) (providing that "[a] prosecution for a capital felony, a life felony, or a felony that resulted in a death may be commenced at any time.")

5

Any child so charged shall, upon demand made as provided by law before a trial in a juvenile proceeding, be tried in an appropriate court as an adult. A child found delinquent shall be disciplined as provided by law.

Under Florida law, juveniles are granted "the *right* to be treated differently from adults," Troutman v. State, 630 So. 2d 528, 531 (Fla. 1993)[7] (quoting State v. Rhoden, 448 So. 2d 1013, 1016 (Fla. 1984)), but the right is granted "only to the extent provided by our legislature." State v. Cain, 381 So. 2d 1361, 1363 (Fla. 1980). See also State v. G.D.M., 394 So. 2d 1017, 1018 (Fla. 1981); Johnson v. State, 314 So. 2d 573 (Fla. 1975).

In Johnson, the defendant challenged the constitutionality of a portion of Chapter 39, contending that the statute violated the Equal Protection and Due Process clauses of the United States and Florida Constitutions because it permitted some children to be indicted and prosecuted as adults while allowing other children (who are not indicted but face similar charges via delinquency petition) to be prosecuted in juvenile proceedings. In rejecting his claim, the Court stated:

It should be clear that a young person charged with violation of criminal law does not have an absolute right to be treated as a 'delinquent child' solely because of age. The constitutional basis for the juvenile court system in Florida allows, but does not require, that a 'child' who has committed a violation of law be charged with an act of delinquency instead of a crime.

Johnson, 314 So. 2d at 576.

---

[7] Troutman was superseded by statute as stated in Ritchie v. State, 670 So. 2d 924 (Fla. 1996).

Looking to the pertinent provisions of Chapter 39, we conclude that Smith's contention is without merit. On September 15, 1990—the date when the offenses were committed—Smith was sixteen years old. Section 39.04(3)(e), Florida Statutes (1989),[8] provided:

> (e) The state attorney shall in all cases have the right to take action, regardless of the action or lack of action of the intake officer, and shall determine the action which is in the best interest of the public and the child. The state attorney may:
> . . . .
>
> 4. With respect to any child who at the time of commission of the alleged offense was 16 or 17 years of age, file an information when in his judgment and discretion the public interest requires that adult sanctions be considered or imposed.

Based upon the plain language of this provision, and in light of the fact that Smith was sixteen years old at the time of the offenses, the State Attorney was authorized "to file an information when in [her] judgment and discretion the public interest requires that adult sanctions be considered and imposed." § 39.04(3)(e).

Given Smith's age at the time of the offenses, his reliance on State v. Griffith, 675 So. 2d 911, 912 (Fla. 1996) is misplaced. In that case, Griffith was charged (at age twenty-two) with felonies committed when he was between the ages of fifteen and seventeen. On appeal following his conviction, Griffith argued that, because he was under the age of sixteen at the time of the offenses, the

_____

[8] The Florida Legislature repealed this subsection, effective October 1, 1990. See Ch. 90-208, § 17, Laws of Florida (1990).

proceedings should have been commenced in accordance with chapter 39, at which time the juvenile court judge could have decided whether Griffith should be transferred to adult court.

The Florida Supreme Court agreed, but its analysis (and the applicability of section 39.04(3)(e)) was premised upon the fact that Griffith was <u>less than sixteen years old</u> when he committed the crimes because the information alleged a range of dates (covering a two-year period), rather than a specific date when the offenses were committed. The court nevertheless affirmed the convictions because Griffith failed to object in the trial court, waiving any right to assert the argument on appeal.

Because Smith was concededly sixteen years old at the time of the offenses, <u>Griffith</u> is inapplicable and we need not reach the issue of whether Smith waived any right to juvenile proceedings by failing to raise the issue until after jeopardy had attached and the State had rested its case before the jury.[9]

**B. Can Smith assert, for the first time on appeal, that the crime for which he was charged and convicted is barred by the statute of limitations?**

---

[9] The State argues additionally that Smith waived the issue at arraignment by affirmatively requesting a jury trial, a right to which he is not entitled if proceeding pursuant to Chapter 39. <u>See</u> § 39.09(1)(b), Fla. Stat. (1989) (providing that juvenile adjudicatory hearings are conducted without a jury).

8

This issue involves only the conviction and sentence for the crime of armed burglary,[10] and requires us to consider evolving approaches to the statute of limitations, and to resolve conflicting decisions within our own district.

For ease of this discussion, it may be helpful to first explain what this issue does <u>not</u> involve. Over the years, case law has developed regarding the raising of a statute of limitations defense in two specific contexts: 1) negotiated pleas to a reduced or lesser charge (resulting in the entry of a plea to a reduced or lesser offense that would otherwise be time-barred by the statute of limitations); and 2) circumstances under which a trial court may instruct a jury to consider lesser-included offenses that are otherwise time-barred by the statute of limitations.

### Negotiated Plea to a Lesser (and Otherwise Time-Barred) Offense

Whether characterized as a waiver or estoppel, Florida's district courts have held that a defendant who enters a plea to a reduced or lesser offense that would otherwise be time-barred by the statute of limitations cannot raise the statute of limitations for the first time on direct appeal. <u>Oliver v. State</u>, 379 So. 2d 143 (Fla. 3d DCA 1980) (applying estoppel principles to hold that defendant, originally charged with first-degree murder, could not assert statute of limitations for first time on appeal where, at defendant's inducement, trial court accepted negotiated

---

[10] The armed sexual battery is a life felony. "A prosecution for a . . . life felony . . . may be commenced at any time," § 775.15(1), Fla. Stat. (1990), and is not subject to a statute of limitations.

plea to the reduced (and otherwise time-barred) offense of second-degree murder);

Morris v. State, 909 So. 2d 428 (Fla. 5th DCA 2005) (holding under similar circumstances that defendant's failure to assert statute of limitations prior to entering a negotiated plea constituted a waiver); State v. Robbins, 780 So. 2d 89 (Fla. 2d DCA 2000) (defendant's nolo contendere plea to all charges constituted a waiver of his right to assert, for the first time in a motion for postconviction relief, that the charges as alleged in the information were barred by the statute of limitations).[11]

**Jury Instructions Permitting Jury to Consider Verdict on Lesser-Included Offenses Which Are Otherwise Time-Barred**

In Tucker v. State, 459 So. 2d 306 (Fla. 1984), the Florida Supreme Court addressed whether, and under what circumstances, a trial court can properly instruct a jury to consider a verdict for time-barred, lesser-included offenses. In Tucker, the crime charged in the information (first-degree murder) was not subject to any statute of limitations, but the lesser-included homicide offenses (which a jury is ordinarily required to consider in reaching a verdict) were time-barred under the statute of limitations. Given that, as a general rule, a judge shall not instruct on, and a jury cannot consider, a verdict on a time-barred, lesser-included offense, the court in Tucker addressed whether a defendant can be permitted to waive the

_____

[11] The defendant in Robbins did not file a direct appeal, and the opinion does not indicate that the motion for postconviction relief was based upon a claim of ineffective assistance of trial counsel.

10

statute of limitations. The court concluded that a defendant can waive the statute of limitations under these circumstances. The court held further that, before a jury may be permitted to consider a time-barred, lesser-included offense, the trial court must abide by certain procedural safeguards to ensure a proper waiver of the statute of limitations:

> The statute of limitations defense is an absolute protection against prosecution or conviction. Before allowing a defendant to divest himself of this protection, the court must be satisfied that the defendant himself, personally and not merely through his attorney, appreciates the nature of the right he is renouncing and is aware of the potential consequences of his decision. We agree with the state's position that an effective waiver may only be made after a determination on the record that the waiver was knowingly, intelligently and voluntarily made; the waiver was made for the defendant's benefit and after consultation with counsel; and the waiver does not handicap the defense or contravene any of the public policy reasons motivating the enactment of the statute.
> Granting a waiver on the bare request for instructions contained in the record before us would certainly fail to protect a defendant's best interests and might leave the conviction on otherwise time-barred offenses vulnerable to collateral attack

Id. at 309.

We can glean at least four legal principles from court decisions involving the two distinct scenarios discussed above:

First, the statute of limitations is waivable by a defendant, either expressly or through his own actions. Tucker, 459 So. 2d at 306; Sturdivan v. State, 419 So.

11

2d 300, 302 (Fla. 1982) (observing "a defendant may by his actions waive this defense.")

Second, because it is waivable, the statute of limitations necessarily cannot be considered "jurisdictional," at least not in the sense of depriving the trial court of subject-matter jurisdiction. See Rodriguez v. State, 441 So. 2d 1129 (Fla. 3d DCA 1983) (holding that the statute of limitations defense does not deprive court of subject matter jurisdiction; to the extent the statute of limitations may be considered in any sense a jurisdictional impediment, it is one which can be waived); Farrar v. State, 42 So. 3d 265, 265 (Fla. 5th DCA 2010) (observing that "[s]tatutes of limitations on crimes are not jurisdictional, and may be waived"); Morris, 909 So. 2d at 431 (same); Lowe v. State, 501 So. 2d 79 (Fla. 5th DCA 1987) (noting that "[i]n Florida, statutes of limitations on crimes do not limit the jurisdiction of courts to try criminal charges.") If the statute of limitations was to be viewed as depriving the trial court of subject-matter jurisdiction, such an issue could not be waived, as the parties cannot confer subject-matter jurisdiction by consent, agreement, acquiescence, waiver or failure to object. Siegel v. Siegel, 575 So. 2d 1267 (Fla. 1991); Sclafani v. Dade County, 323 So. 2d 675 (Fla. 3d DCA 1975). [12]

_____

[12] We note, however, that the Florida Supreme Court, in Mitchell v. State, 25 So. 2d 73, 74 (Fla. 1946) characterized the timely commencement of prosecution as a "jurisdictional fact" which must be alleged in the charging document and proven by the State at trial. See discussion *infra* at *25 (Emas, J., concurring).

Third, in the context of a defendant who seeks the benefit of the bargain—that is, a defendant who knowingly and voluntarily enters a negotiated plea to a lesser-included offense that is otherwise time-barred (or receives a negotiated lesser sentence)—he is either estopped from asserting, or deemed to have waived, a statute of limitations claim on appeal. Having received the benefit of a less severe sentence (or the benefit of a plea to a less serious charge) by pleading to a time-barred offense, he may not later seek relief upon the assertion that the offense was time-barred. Oliver, 379 So. 2d at 143; Morris, 909 So. 2d at 431.

Fourth, at the conclusion of a trial, a trial court is prohibited from instructing a jury on any time-barred, lesser-included offense (and the jury is prohibited from considering same) unless the defendant knowingly agrees, personally and on the record, to waive any claim that such a lesser-included offense is barred by the statute of limitations. Tucker, 459 So. 2d at 309.[13]

### 1. Expanding *Tucker*'s express waiver requirement to situations other than a jury's consideration of time-barred lesser-included offenses

The question we must decide is whether the express-waiver analysis announced in Tucker should be contextually limited to situations involving a jury's

---

[13] It makes perfect sense in this limited circumstance to require a personal, on-the-record waiver from the defendant, to ensure that the decision to instruct on a time-barred lesser is not inadvertent or accidental, but rather the result of a knowing, informed strategic decision by the defendant. Such a requirement strikes the appropriate balance between the historically-based concept of jury pardon, notions of fairness to the parties and the proper administration of justice.

consideration of time-barred, lesser-included offenses, or expanded to apply to the instant case. The instant case involves neither a jury instruction permitting a jury to consider a time-barred lesser included offense (requiring an express, on-the-record waiver by the defendant), nor a negotiated plea to a time-barred lesser-included offense (permitting application of an implied waiver or estoppel principles). Instead, the very different and narrow question presented is whether a defendant may assert, for the first time on appeal, that the statute of limitations bars prosecution *for the crime as charged in the information* or whether, by failing to raise the issue below, the defendant has waived the statute of limitations on direct appeal.

Smith asserts that the crime of armed burglary, alleged in the 2011 information as having been committed in 1990, was on its face barred by the statute of limitations. Smith did not raise this challenge in the trial court, but contends that, pursuant to our decision in Key v. State, 990 So. 2d 529 (Fla. 3d DCA 2008), he is permitted to raise this issue, for the first time on appeal, as fundamental error requiring reversal.

## 2. Conflicting decisions within this District

The defendant in Key was charged with and found guilty of armed robbery. On appeal, the defendant asserted for the first time that the crime as charged in the information was barred by the statute of limitations. The State conceded error on

14

appeal and this Court reversed the conviction, holding: "[S]ince the error appears clear on the face of the record, it is a matter of fundamental error which [Key] is allowed to raise for the first time on this appeal." Id. at 530. For this proposition, Key cited to Tucker, 459 So. 2d at 309. However, as discussed earlier, Tucker was a case involving the authority of the court to permit a jury to consider time-barred lesser-included offenses. It did not involve a statute of limitations challenge to the crime as alleged in the information.

Further, the holding in Key—that a defendant may assert for the first time on appeal that the crime with which the defendant was charged and convicted is barred by the statute of limitations—conflicts with two prior decisions of this court. In Fondon v. State, 581 So. 2d 188, 189 (Fla. 3d DCA 1991), we held that the defendant, convicted of armed robbery, armed burglary, and attempted kidnapping, as charged in the information, could not raise on appeal that the charges were barred by the statute of limitations where "this issue has never been presented, in any context, to the trial court." Nearly twenty years later, this court addressed the same issue in Harper v. State, 43 So. 3d 174 (Fla. 3d DCA 2010), where the defendant was originally charged with one count of resisting an officer with violence. The State later amended the information to add the charge of fleeing or eluding an officer. This new charge was added to the information after the applicable statute of limitations had expired. However, the defense did not

move to dismiss that charge or otherwise raise a statute of limitations challenge in the trial court. Harper was later convicted of the fleeing charge and raised the statute of limitations for the first time on appeal. We concluded, following our decision in Fondon, that the defendant's failure to raise the issue below prevented our consideration of the issue on direct appeal.[14]

### 3. Resolving the intra-district conflict

Fondon and Harper appear to be the only decisions in Florida directly holding that, in order to properly preserve the issue for appeal, a defendant must raise a statute of limitations challenge to the crime as charged in the information, and cannot raise the issue for the first time on appeal. Other district courts have disagreed. For example, in Maguire v. State, 453 So. 2d 438, 440 (Fla. 2d DCA 1984), the Second District stated: "A defendant need not raise the bar of the statute of limitations and his failure to do so does not preclude appellate consideration of the issue."[15]  In a companion case, Bridenthal v. State, 453 So. 2d 437, 438 (Fla. 2d DCA 1984), the Second District reaffirmed its holding in Maguire:

---

[14] We nevertheless reversed, holding that, under the exceptional circumstances of the case, trial counsel rendered ineffective assistance in failing to raise the issue below, and that such ineffectiveness appeared on the face of the record. Harper, 43 So. 2d at 175-76.

[15] It is unclear whether this language is *dicta*, as it appears the issue was in fact raised in the trial court. As the Second District noted in its opinion: "The defendants in this case filed motions to dismiss based on the statute of limitations, and prevailed as to several counts in the charging documents." Maguire, 453 So. 2d at 440. While we can only speculate about this apparent contradiction, it may be that a defendant other than Maguire raised the issue in the trial court, or perhaps

16

> [I]n the separate appeals of the defendant's codefendants, this court has issued an opinion reversing the codefendants' convictions on the seven larceny counts on the ground that the larceny counts are barred by the statute of limitations. Maguire v. State, 453 So.2d 438 (Fla. 2d DCA 1984). The statute of limitations is a jurisdictional issue and this court is not foreclosed from considering that issue notwithstanding that the issue was not raised at the trial or appellate level. Mead v. State, 101 So.2d 373 (Fla.1958).

Maguire, and other cases holding that the issue can be raised for the first time on appeal, rely principally upon the Florida Supreme Court's decisions in Mead, Mitchell v. State, 25 So. 2d 73 (Fla. 1946) and Nelson v. State, 17 Fla. 195 (1879).

In Mead, 101 So. 2d at 374, the defendant was convicted of grand larceny after he allegedly stole 1,312 pounds of copper wire, as charged in the information. The information upon which defendant was tried was filed on August 29, 1956, and alleged that the crime occurred on August 1, 1954, more than two years before the filing of the information. Defendant did not file a pretrial motion raising the statute of limitations, but raised the issue for the first time on appeal following his conviction. The Florida Supreme Court reversed the conviction, holding:[16]

> The appellant was not required to raise the question of the statute of limitations as the statute must be construed liberally in favor of defendants and need not be pleaded in bar.[17] It was incumbent on the

---

the statute of limitations was raised as to some but not all counts in the charging document.

[16] The court's other holding in Mead is not pertinent to our discussion.

[17] This statement appears, in our view, to be a *non sequitur*. It is true of course that the statute of limitations is a creature of statute (there being no statute of

17

state not only to prove that the appellant perpetrated the crime but that he did so within two years of the filing of the information on which he was being tried and not, as the judge charged the jury, within two years of the filing of the information first presented and subsequently abandoned.

Id. at 375. In support of the proposition that the defendant was not required to raise the issue below, the Court cited to Mitchell, 25 So. 2d at 73. Mitchell, in turn, relied upon the 1879 decision in Nelson, 17 Fla. at 197, which indeed held:

Statutes of limitations in respect to crimes are always construed liberally in favor of defendants, and it is not deemed necessary for a party relying upon them to plead them in bar. The prosecutor must show the commission of the offence within the time fixed by the statute.

However, Nelson involved a very different situation. In that case, the defendant was indicted for first-degree murder, a crime for which there is no statute of limitations. The indictment was returned April 1877, and the crime was alleged to

---

limitations on prosecutions at common law) and the substantive application of the statute of limitations must therefore be construed in favor of the defendant. However, it does not follow that the procedural question presented here— *when* a defendant must raise the statute of limitations—is one "which must be construed liberally in favor of defendants." Indeed, there are statutory provisions throughout Florida's criminal code which, though substantively construed in favor of the defendant, nevertheless require a defendant procedurally to raise the issue in the trial court in order to preserve the issue for review. In fact, applying a rule which permits this issue to be raised for the first time on appeal would represent the rare exception to the general rule that the sufficiency of an indictment or information is not subject to direct review on appeal in the absence of an objection or other challenge in the trial court. Roberts v. State, 374 So. 2d 1000 (Fla. 3d DCA 1979); Ingraham v. State, 32 So. 3d 761 (Fla. 2d DCA 2010); McMillan v. State, 832 So. 2d 946 (Fla. 5th DCA 2002); Hart v. State, 761 So. 2d 334 (Fla. 4th DCA 1998); Carver v. State, 560 So. 2d 258 (Fla. 1st DCA 1990).

have occurred in November of 1872, more than five years earlier. In 1872, the statute of limitations was two years for all offenses except those punishable by death (which had no statute of limitations). Id.

Following trial, Nelson was convicted of third-degree murder, an offense not punishable by death and therefore an offense subject to the general two-year statute of limitations. Nelson moved for an arrest of judgment and discharge, which the trial court denied. On appeal, the Florida Supreme Court held that Nelson was entitled to discharge because his conviction for the lesser-included offense of third-degree murder was barred by the two-year statute of limitations. It was in this context that the Florida Supreme Court held that "it is not deemed necessary for a party relying upon [the statute of limitations] to plead them in bar." Id. Placed in its proper context, then, the proposition is rather unremarkable: a defendant need not raise, in the trial court, the statute of limitations as to lesser-included offenses that are barred by the statute of limitations. Indeed, Nelson presaged the very rule announced more than 100 years later in Tucker, holding that a defendant may waive the statute of limitations defense, but that before a jury can be instructed on and consider a time-barred lesser-included offense, the defendant must expressly waive the statute of limitations.

The holding of <u>Nelson</u>, though announced in the context of a conviction for a lesser-included offense, has nevertheless been extended by the Florida Supreme Court well beyond its factual setting, as applied in <u>Mitchell</u> and <u>Mead</u>.

However, the precise contours established by this line of supreme court cases have not been entirely clear. For example, in <u>State v. King</u>, 282 So. 2d 162, 164 (Fla. 1973), the court reaffirmed the concept that "the time within which an offense is committed is a jurisdictional fact." Immediately thereafter, however, the court added: "In fact, a most significant burden of proof is placed upon the State in order to proceed <u>once the jurisdiction of the Court is questioned through the raising of the Statute of Limitations</u>." <u>Id.</u> (Emphasis added.)

In <u>Horton v. Mayo</u>, 15 So. 2d 327 (Fla. 1943), the court noted that the face of the information indicated it was filed more than four years after the date of the crime alleged in the information (and thus beyond the two-year statute of limitations). The court also noted that the defendant did not file a motion to quash the information "and if he had, the County Solicitor could have amended his information or filed a new one so as to show that the prosecution for the offense charged in the information, and upon which the information was based, was really begun" within the statute of limitations. <u>Id.</u> at 328. Although the Court had no reason to reach the question of whether the defendant should have been required to

20

raise this issue in the trial court, the above excerpt evidences a primary rationale for such a rule.

Further, in Sturdivan, 419 So. 2d at 301-02, the Florida Supreme Court reaffirmed the legal requirement that the State allege sufficient facts in the charging document to establish that the prosecution for the offense charged was commenced within the statute of limitations. The court further observed that where (as was the case in Sturdivan) it "appears from the date shown on the charging document that the statute of limitations may have run, the state must allege facts necessary to show the statute was tolled for the offense charged before the prosecution commenced." Id. at 302. Importantly, however, the court added: "If the state does not allege the tolling of the statute in an otherwise sufficient information or indictment, a defendant may by his actions waive this defense." Id. (Emphasis added.) Thus the Sturdivan Court appeared to at least recognize that a defendant's failure to raise a statute of limitations challenge to an otherwise facially sufficient charging document could constitute a waiver of this defense.[18]

_____

[18] This is consistent with Florida Rule of Criminal Procedure 3.140(o), which provides:

> **(o) Defects and Variances.** No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or

These cases evidence an evolving approach, over time, to the statute of limitations, and with it, a less formalistic view of the pleading and proof requirements. This evolution compels a reexamination of the existing principle that a defendant may raise the statute of limitations for the first time on direct appeal, and that the statute of limitations defense "need not be pleaded in bar." Mead, 101 So. 2d at 375.

## III. CONCLUSION

Were we writing on a clean slate, we would hold that a defendant cannot raise, for the first time on appeal, the claim that the crime with which he was actually charged and convicted is barred by the statute of limitations. There are sound policy and practical reasons (set forth in the balance of this opinion) why a defendant should not be permitted to raise the statute of limitations for the first time on appeal under such circumstances.

We are nevertheless bound by the existing decisions of the Florida Supreme Court to hold that the defendant may under these circumstances raise the statute of limitations for the first time on appeal. We affirm the judgment and sentence for armed sexual battery. We reverse the judgment and sentence for armed burglary, with directions to dismiss that charge as time-barred and to discharge the defendant

expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.

22

on that charge. In doing so, we also recede from our decisions in <u>Fondon</u> and <u>Harper</u>, to the extent they are inconsistent with our holding in this case.

In light of the uncertainty surrounding this issue, and the significance of the implications flowing from permitting a defendant to raise the statute of limitations for the first time on appeal, we certify the following question to the Florida Supreme Court as one of great public importance:

> **Must a defendant, who claims that the offense as charged in the information is barred by the statute of limitations, raise the issue in the trial court in order to preserve the issue for direct appeal?**

Affirmed in part, reversed in part and remanded with directions. Question of great public importance certified.

EMAS, J., concurring.

I concur fully in the majority opinion, and write to set forth the analysis which I believe supports an affirmative answer to the question certified as one of great public importance:

> **Must a defendant, who claims that the offense as charged in the information is barred by the statute of limitations, raise the issue in the trial court in order to preserve the issue for direct appeal?**

## ANALYSIS

### 1. The Florida Supreme Court's earliest decisions on the statute of limitations

In order to properly evaluate the issue, we must explore the historical underpinnings associated with the statute of limitations, and its development over time. Florida's statute of limitations jurisprudence dates back nearly 140 years. The statute of limitations provision first enacted in Florida was short, simple and straightforward: "All offences not punishable with death shall be prosecuted within two years next after the same shall have been committed. There shall be no limitation for offences punishable by death." Thomp. Dig., 490; McClellan's Digest, Chapter 83, § 2 (1878); McClellan's Digest, Chapter 435, § 2 (1880). See Anderson v. State, 20 Fla. 381, 383 (1883); Savage v. State, 18 Fla. 970 (Fla. 1882); Nelson v. State, 17 Fla. 195 (1879).

Given this unadorned limitations statute, and the then-existing formality requirements for pleading in criminal cases, it is no surprise that the earliest cases applying this provision involved little more than simple math: a comparison of the date of offense (as set forth in the charging document) with the date on which the indictment was returned, to determine if more than two years passed between those dates. No factual findings were required, as arithmetic provided the only "analysis" in assessing whether the prosecution was barred by the statute of limitations. In Anderson, 20 Fla. at 381, the defendant asserted that the charge of (and subsequent conviction for) willfully altering and changing the mark of an animal was barred by the two-year statute of limitations. The Supreme Court's entire analysis of this issue, as set forth in the opinion, was as follows:

> The indictment charges that this alleged offence was committed "on or about the first day of March, A.D. 1880." It was found at the spring term of the Circuit Court held in and for Wakulla county, and was filed in the court on ___ day of April, 1882. This shows conclusively that the indictment was not properly found and filed within two years next after it is, in the indictment, alleged that the offense was committed.

Id. at 383.

**2. The statute of limitations as a jurisdictional fact**

Some of these early decisions of the Florida Supreme Court characterized the criminal statute of limitations as a "jurisdictional fact." The opinions are not entirely clear what is meant by a jurisdictional fact, specifically whether the court

25

intended compliance with the statute to serve as requisite for subject-matter jurisdiction. However, decisions from this same era do appear to use the phrase "jurisdictional fact" to connote an essential allegation of fact needed to establish subject-matter jurisdiction or personal jurisdiction. See, e.g., Ex Parte Hayes, 25 Fla. 279, 282-83 (Fla. 1889) (stating "[t]he question, then, is, did the court acquire jurisdiction of the case? We think not. In a special proceeding of this kind everything the statute makes an ingredient of the case must be made to appear in the beginning. The affidavit or complaint of the prosecutrix before the magistrate is the foundation of the proceeding, and, if it fails to show jurisdictional facts, the action on it of either the magistrate or the court to which it is sent will be *coram non judice* and void"); City of Jacksonville v. L'Engle, 20 Fla. 344, 348 (Fla. 1883) (holding "[i]f the Legislature had the power to confer upon the County Commissioners jurisdiction to hear and determine the question as to whether or not a town was of undue extent, and to deprive it of a part of its territory, then, the proceeding being statutory, before a body of limited powers, the record must show affirmatively that such a case was brought before them as they were authorized to hear and determine, and that all the jurisdictional facts were found to exist. Where the jurisdiction and power to hear and determine depends upon the existence of a fact, that fact must appear or the proceedings are *coram non judice* and void."); Deans v. Wilcoxon, 18 Fla. 531, 550 (Fla. 1882) (noting "[i]f the jurisdiction of the

26

County Court to sell the real estate of decedents was restricted to solvent estates, the necessity of an allegation of solvency as a jurisdictional fact might perhaps be insisted upon, but the jurisdiction of the County Courts exists to sell the land of both solvent and insolvent estates"); Hays' Adm'x v. McNealy, 16 Fla. 409, 414 (Fla. 1878) (stating "[i]n order to give jurisdiction of the subject-matter, this petition for the sale should have set out, either in words or substance, that the personal estate was exhausted. This fact at least should appear from the record. This was a jurisdictional fact necessary to be alleged or to appear in order that the court could authorize the sale by the administrator.")

Over the past 140 years, the statute of limitations has undergone an extensive evolution, from its humble birth as a simple provision comprised of twenty words ("All offences not punishable with death shall be prosecuted within two years next after the same shall have been committed.") to a complex statute, comprised of nineteen subsections, and containing a multifaceted array of tolling provisions, exceptions and extensions. To illustrate the stark contrast with Florida's original statute of limitations, I set forth below the full text of our present statute, section 775.15, Florida Statutes (2016):

775.15. Time limitations; general time limitations; exceptions

(1) A prosecution for a capital felony, a life felony, or a felony that resulted in a death may be commenced at any time. If the death penalty is held to be unconstitutional by the Florida Supreme Court or the United States Supreme Court, all crimes designated as capital

27

felonies shall be considered life felonies for the purposes of this section, and prosecution for such crimes may be commenced at any time.

(2) Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:

(a) A prosecution for a felony of the first degree must be commenced within 4 years after it is committed.

(b) A prosecution for any other felony must be commenced within 3 years after it is committed.

(c) A prosecution for a misdemeanor of the first degree must be commenced within 2 years after it is committed.

(d) A prosecution for a misdemeanor of the second degree or a noncriminal violation must be commenced within 1 year after it is committed.

(3) An offense is committed either when every element has occurred or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated. Time starts to run on the day after the offense is committed.

(4)(a) Prosecution on a charge on which the defendant has previously been arrested or served with a summons is commenced by the filing of an indictment, information, or other charging document.

(b) A prosecution on a charge on which the defendant has not previously been arrested or served with a summons is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered. The failure to execute process on or extradite a defendant in another state who has been charged by information or indictment with a crime in this state shall not constitute an unreasonable delay.

(c) If, however, an indictment or information has been filed within the time period prescribed in this section and the indictment or information is dismissed or set aside because of a defect in its content or form after the time period has elapsed, the period for commencing prosecution shall be extended 3 months from the time the indictment or information is dismissed or set aside.

(5) The period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably

ascertainable place of abode or work within the state. This provision shall not extend the period of limitation otherwise applicable by more than 3 years, but shall not be construed to limit the prosecution of a defendant who has been timely charged by indictment or information or other charging document and who has not been arrested due to his or her absence from this state or has not been extradited for prosecution from another state.

(6) A prosecution for perjury in an official proceeding that relates to the prosecution of a capital felony may be commenced at any time.

(7) A prosecution for a felony that resulted in injury to any person, when such felony arises from the use of a "destructive device," as defined in s. 790.001, may be commenced within 10 years.

(8) A prosecution for a felony violation of chapter 517 or s. 409.920 must be commenced within 5 years after the violation is committed.

(9) A prosecution for a felony violation of chapter 403 must be commenced within 5 years after the date of discovery of the violation.

(10) A prosecution for a felony violation of s. 825.102 or s. 825.103 must be commenced within 5 years after it is committed.

(11) A prosecution for a felony violation of ss. 440.105 and 817.234 must be commenced within 5 years after the violation is committed.

(12) If the period prescribed in subsection (2), subsection (8), subsection (9), subsection (10), or subsection (11) has expired, a prosecution may nevertheless be commenced for:

(a) Any offense, a material element of which is either fraud or a breach of fiduciary obligation, within 1 year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself or herself not a party to the offense, but in no case shall this provision extend the period of limitation otherwise applicable by more than 3 years.

(b) Any offense based upon misconduct in office by a public officer or employee at any time when the defendant is in public office or employment, within 2 years from the time he or she leaves public office or employment, or during any time permitted by any other part of this section, whichever time is greater.

(13)(a) If the victim of a violation of s. 794.011, former s. 794.05, Florida Statutes 1995, s. 800.04, s. 826.04, or s. 847.0135(5) is under the age of 18, the applicable period of limitation, if any, does not begin to run until the victim has reached the age of 18 or the violation is reported to a law enforcement agency or other governmental agency, whichever occurs earlier. Such law enforcement agency or

other governmental agency shall promptly report such allegation to the state attorney for the judicial circuit in which the alleged violation occurred. If the offense is a first or second degree felony violation of s. 794.011, and the offense is reported within 72 hours after its commission, the prosecution for such offense may be commenced at any time. This paragraph applies to any such offense except an offense the prosecution of which would have been barred by subsection (2) on or before December 31, 1984.

(b) If the offense is a first degree felony violation of s. 794.011 and the victim was under 18 years of age at the time the offense was committed, a prosecution of the offense may be commenced at any time. This paragraph applies to any such offense except an offense the prosecution of which would have been barred by subsection (2) on or before October 1, 2003.

(c) If the offense is a violation of s. 794.011 and the victim was under 16 years of age at the time the offense was committed, a prosecution of the offense may be commenced at any time. This paragraph applies to any such offense except an offense the prosecution of which would have been barred by subsection (2) on or before July 1, 2010.

(14)(a) A prosecution for a first or second degree felony violation of s. 794.011, if the victim is 16 years of age or older at the time of the offense and the offense is reported to a law enforcement agency within 72 hours after commission of the offense, may be commenced at any time.

(b) Except as provided in paragraph (a) or paragraph (13)(b), a prosecution for a first or second degree felony violation of s. 794.011, if the victim is 16 years of age or older at the time of the offense, must be commenced within 8 years after the violation is committed. This paragraph applies to any such offense except an offense the prosecution of which would have been barred by subsection (2) on or before July 1, 2015.

(15)(a) In addition to the time periods prescribed in this section, a prosecution for any of the following offenses may be commenced within 1 year after the date on which the identity of the accused is established, or should have been established by the exercise of due diligence, through the analysis of deoxyribonucleic acid (DNA) evidence, if a sufficient portion of the evidence collected at the time of the original investigation and tested for DNA is preserved and available for testing by the accused:

1. An offense of sexual battery under chapter 794.

30

2. A lewd or lascivious offense under s. 800.04 or s. 825.1025.

(b) This subsection applies to any offense that is not otherwise barred from prosecution between July 1, 2004, and June 30, 2006.

(16)(a) In addition to the time periods prescribed in this section, a prosecution for any of the following offenses may be commenced at any time after the date on which the identity of the accused is established, or should have been established by the exercise of due diligence, through the analysis of deoxyribonucleic acid (DNA) evidence, if a sufficient portion of the evidence collected at the time of the original investigation and tested for DNA is preserved and available for testing by the accused:

1. Aggravated battery or any felony battery offense under chapter 784.

2. Kidnapping under s. 787.01 or false imprisonment under s. 787.02.

3. An offense of sexual battery under chapter 794.

4. A lewd or lascivious offense under s. 800.04, s. 825.1025, or s. 847.0135(5).

5. A burglary offense under s. 810.02.

6. A robbery offense under s. 812.13, s. 812.131, or s. 812.135.

7. Carjacking under s. 812.133.

8. Aggravated child abuse under s. 827.03.

(b) This subsection applies to any offense that is not otherwise barred from prosecution on or after July 1, 2006.

(17) In addition to the time periods prescribed in this section, a prosecution for video voyeurism in violation of s. 810.145 may be commenced within 1 year after the date on which the victim of video voyeurism obtains actual knowledge of the existence of such a recording or the date on which the recording is confiscated by a law enforcement agency, whichever occurs first. Any dissemination of such a recording before the victim obtains actual knowledge thereof or before its confiscation by a law enforcement agency does not affect any provision of this subsection.

(18) If the offense is a violation of s. 800.04(4) or (5) and the victim was under 16 years of age at the time the offense was committed, a prosecution of the offense may be commenced at any time, unless, at the time of the offense, the offender is less than 18 years of age and is no more than 4 years older than the victim. This subsection applies to an offense that is not otherwise barred from prosecution on or before October 1, 2014.

(19) A prosecution for a violation of s. 787.06 may be commenced at any time. This subsection applies to any such offense except an

31

offense the prosecution of which would have been barred by subsection (2) on or before October 1, 2014.

Under the current statute, the question of whether a prosecution was timely commenced raises any number of factual issues, requiring an evidence-based determination. Below are just a few examples raising questions of fact which would have to be resolved before a court could determine whether the State has timely commenced the prosecution for the crime charged:

- The statute of limitations "does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state." § 775.15(5).

- Where the plain legislative purpose of the criminal statute is to prohibit a "continuing course of conduct," the offense is not considered "committed" (and the statute of limitations does not commence) until "the course of conduct or the defendant's complicity therein is terminated." § 775.15(3).

- For offenses in which fraud is a material element, the statute of limitations may be extended such that the prosecution must be commenced "within 1 year after discovery of the offense by an aggrieved party. . . ."[19] § 775.15(12)(a).

- For sexual battery (chapter 794) and lewd or lascivious offenses (sections 800.04, 825.1025) a prosecution "may be commenced within 1 year after the date on which the identity of the accused is established, or should have been established by the exercise of due diligence, through the

---

[19] However, the otherwise applicable statute of limitation for such offenses may not be extended by more than three years.

32

analysis of deoxyribonucleic acid (DNA) evidence, if a sufficient portion of the evidence collected at the time of the original investigation and tested for DNA is preserved and available for testing by the accused." § 775.15(15)(a).[20]

    - For burglary offenses (section 810.02) a prosecution "may be commenced at any time after the date on which the identity of the accused is established, or should have been established by the exercise of due diligence, through the analysis of deoxyribonucleic acid (DNA) evidence, if a sufficient portion of the evidence collected at the time of the original investigation and tested for DNA is preserved and available for testing by the accused." § 775.15(15)(a).[21]

In addition to the significant expansion of this statute over time, the last 140 years have seen substantial changes to Florida's discovery and pleading practices. The historically-limited rules of discovery and formalistic pleading requirements have given way to modern rules of liberal discovery and relaxed standards of pleading. See, e.g., Tucker v. State, 459 So. 2d 306, 308-09 (Fla. 1984) (and cases cited). The combination of these changes over the past century and a half leads me

_____

[20] This provision was enacted in 2004 and applies to any offense that is not otherwise barred from prosecution between July 1, 2004 and June 30, 2006.

[21] This provision was added in 2006 to add DNA tolling provisions for several offenses, including sexual battery and burglary offenses, so long as that offense was not otherwise barred from prosecution on July 1, 2006, the effective date of the amendment. See Ch. 2006-266, § 1, Laws of Florida, codified at § 775.15(16)(a)1.-8. However, that amendment is inapplicable to the instant burglary charge, as the prosecution for that offense would have already been barred by the statute of limitations at the time the amendment became effective. See Lawson v. State, 51 So. 3d 1287 (Fla. 2d DCA 2011); Bryson v. State, 42 So. 3d 852 (Fla. 1st DCA 2010).

to question the continued vitality of the common-law rule of <u>Nelson</u>, <u>Mitchell v. State</u>, 25 So. 2d 73 (Fla. 1946), and <u>Mead v. State</u>, 101 So. 2d 373 (Fla. 1958).

### 3. "*Cessante ratione legis cessat et ipsa lex*": The reason for the law ceasing, the law itself ceases also

I conclude that the time has come to join the overwhelming majority of the federal courts (including the United States Supreme Court) and adopt the modern view that the statute of limitations is a non-jurisdictional affirmative defense, and that a defendant seeking to assert that the crime as charged is barred by the statute of limitations must raise the issue in the trial court to preserve the issue for direct appeal. Such a view should not be considered a radical departure from existing law, but rather the next logical step in the evolution of statute of limitations jurisprudence. In light of the statutory expansion of the statute of limitations, the broad discovery rules and relaxed pleading requirements in criminal cases, it is appropriate to apply the well-accepted legal maxim "*Cessante ratione legis, cessat et ipsa lex*": The reason of the law ceasing, the law itself ceases also. Black's Law Dictionary 185, (2nd ed. 1910); <u>Merchant's Hostess Svc. of Fla., Inc. v. Cain</u>, 9 So. 2d 373 (Fla. 1942); <u>Reid v. Barry</u>, 112 So. 846, 856 (Fla. 1927). As Justice Oliver Wendell Holmes observed: "It is revolting to have no better reason for a rule of law than that so it was laid down in the time of Henry IV. It is still more revolting if the grounds upon which it was laid down have vanished long since, and the rule simply persists from blind imitation of the past." O. Holmes, <u>The Path</u>

*of the Law*, 10 Harv. L. Rev. 457, 469 (1897). The Florida Supreme Court "has not hesitated to apply the 'rule of reason' expressed by the maxim cessante ratione cessat et ipsa lex in over-ruling a common-law rule previously followed by this court." Amendola v. Amendola, 118 So. 2d 13, 16 (Fla. 1960) (J. Roberts dissenting) (citing Abraham v. Baldwin, 42 So. 591 (Fla. 1906)).

For example, in Zellers v. State, 189 So. 236 (Fla. 1939), the Florida Supreme Court addressed whether a defendant charged with a felony had the right to waive a trial by jury and be tried by the trial judge. The court noted that "under the common law, the accused was not permitted to waive trial by jury, as generally he was not permitted to waive any right which was intended for his protection." Id. at 237 (quoting Patton v. United States, 281 U.S. 276, 306 (1930)). The Zellers Court acknowledged the basis for such a rule at common law:

> The ancient doctrine that the accused could waive nothing was unquestionably founded upon the anxiety of the courts to see that no innocent man should be convicted. It arose in those days when the accused could not testify in his own behalf, was not furnished counsel, and was punished, if convicted, by the death penalty, or some other grievous punishment out of all proportion to the gravity of his crime. Under such circumstances it was well, perhaps, that such a rule should exist and well that every technical requirement should be insisted on, when the state demanded its need of blood. Such a course raised up a sort of a barrier which the court could utilize when a prosecution was successful which ought not to have been successful, or when a man without money, without counsel, without ability to summon witnesses, and not permitted to tell his own story, had been unjustly convicted but yet under the ordinary principles of waiver as applied to civil matters, had waived every defect in the proceedings.

Id. at 237 (quoting Hack v. Wisconsin, 124 N.W. 492, 494 (Wis. 1910)).

Applying the maxim cessante ratione legit cessat et ipsa lex, the court acknowledged that the "conditions which formed the basis for this common law rule have ceased to exist, and with their disappearance justification for the old rule no longer rests upon a substantial basis." Id. There are other examples to draw upon, but perhaps the single best parallel can be found in the evolution of rules regarding pleading and proof of venue in criminal cases.

### 4. An analogy to the evolution of the venue pleading requirement

The earliest cases in Florida held that venue was a material allegation, that the State was required to allege venue in the charging document, and that a conviction could not be sustained without proof that the offense was committed within the county alleged. See, e.g., Robinson v. State, 20 Fla. 804 (Fla. 1884); Evans v. State, 17 Fla. 192 (Fla. 1879).

In State v. Black, 385 So. 2d 1372 (Fla. 1980), the Florida Supreme Court addressed whether the failure to allege venue in a charging document was a fundamental defect voiding a conviction. The court acknowledged that liberal discovery rules and modern pleading practices (including the availability of a statement of particulars) allowed a defendant more leeway in preparing a defense as compared with that available at common law. Nevertheless, the court in 1980 adhered to the "four corners of the indictment" rule, and that a statement of

36

particulars cannot cure fundamental defects in an indictment. Ultimately, the court relied on well-entrenched case law, dating back to at least 1892, and held:

"Venue is an essential element in any criminal charge. As such, venue has long been held a necessary part of an indictment which must be sustained by affirmative proof at trial." Id. at 1375. The court continued:

Allegations as to the place of the alleged offense also fix the jurisdiction of the grand jury and court. See 41 Am.Jur.2d Indictments & Informations ss 122, 124 (1968); Annot. 59 A.L.R. 2d 906 s 4 (1956). Proper jurisdictional allegations are as essential in an accusatory writ as are those relating to the material elements of the crime. Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972); Conner v. State, 29 Fla. 455, 10 So. 891 (1892).

In view of the secrecy which surrounds grand jury proceedings, indictments, especially, should facially indicate jurisdiction. State v. Ostergard, 343 So.2d 874 (Fla.2d DCA 1977), writ discharged 360 So.2d 414, 414 (Fla.1978) (Adkins, J., concurring specially).

The indictment in the case at bar did not even allege that the "grand jurors of . . . Florida . . . in . . . Hernando County" presented that the defendant "in the county and state aforesaid" committed an offense. McElvene v. State, 105 Fla. 639, 142 So. 216 (1932). This is not an appropriate instance to encourage liberal amendment of imprecise allegations as long as the defendant is not prejudiced. Lackos v. State, 339 So.2d 217 (Fla.1976). The indictment completely failed to allege venue; in this it was fundamentally defective and void. We affirm the holding in Rimes v. State that the "defect is one of substance and not of form." 133 So.2d at 551.

Id.

Thus, in 1980, the Florida Supreme Court in Black reaffirmed the long-standing principles that: venue is a jurisdictional allegation in a charging document; alleging venue is as essential as alleging the material elements of the

37

crime; the failure to allege venue renders the charging document fundamentally defective; and the defect is one of substance and not of form. These principles mirror the court's historical view of the statute of limitations and the requirement that the charging document allege the necessary jurisdictional facts to establish the timely commencement of a prosecution.

However, less than five years later, the Florida Supreme Court in Tucker, 459 So. 2d at 309, receded from its holding in Black. In Tucker, the defendant was tried on the charge of first-degree murder. At the end of the State's case, Tucker moved to dismiss the indictment on the ground that it failed to allege venue. The motion was denied and Tucker was convicted. On appeal, this court affirmed the conviction and sentence, and certified the following question to the Florida Supreme Court as one of great public importance:

> Is the error in the failure of an indictment to specify the place where the crime allegedly occurred so fundamental that it may be urged on appeal, though not properly presented at the trial court, where the defendant is not hindered in the preparation or presentation of his defense and the situs of the crime is proved at trial?

The Florida Supreme Court answered the certified question in the negative, and receded from its decision in Black. In doing so, the court first reviewed the long-standing case law relied upon by the court in reaching its decision in Black. After doing so, it addressed the "jurisdictional" nature of allegations of venue:

> Nor is the allegation of venue properly considered to be a jurisdictional requisite, as we held in Black. The issue is, as the Third

38

District noted, solely one of venue, not affecting the power of the court to hear that case but rather addressing the propriety of that particular trial court to hear that particular case. This Court, in the same year it decided Black, discussed the difference between the two concepts in Lane v. State, 388 So.2d 1022, 1026 (Fla.1980):

> Venue should not be confused with jurisdiction although some of the original common law cases appear to concern venue.... Jurisdiction is the very power of the state to exert the influence of its courts over a criminal defendant, and it cannot be waived. Venue on the other hand is merely a privilege which may be waived or changed under certain circumstances.

Id. at 308.

The Tucker Court observed further that the requirement that venue be alleged in an indictment finds its genesis not upon any substantive statutory mandate, but rather represents "a procedural rule stemming from common-law applications of due process considerations." Id.

Finally, the Tucker Court considered the policy implications and acknowledged the role of modern discovery and pleading:

> Nor does any policy argument support absolute adherence to that archaic rule of pleading. Modern discovery procedures have vitiated the danger of prejudice in the preparation of a defense and have led to a relaxation of strict pleading requirements. See, e.g., York v. State, 432 So.2d 51 (Fla.1983); Sparks v. State, 273 So.2d 74 (Fla.1973). Double jeopardy safeguards are a part of both procedural rules, see, e.g., Florida Rule of Criminal Procedure 3.190(c)(2), and substantive law. Amend. V, U.S. Const.; art. I, § 9, Fla. Const.; Blockburger v. United States.

Id. at 308-09.

39

Tucker held that the failure to allege venue in an indictment or information is an error of form and not of substance, which does not render the charging document void in the absence of a showing of prejudice to the defendant. Id. at 309. In so holding, and answering the certified question in the negative, the court implicitly determined that the error was not fundamental and that defendant waived the claim by his failure to raise it in the trial court.

Striking parallels can be found in the evolution of pleading requirements for venue and for the statute of limitations. In each, the longstanding legal principle represents a common-law procedural rule grounded in due process considerations; in each, the Florida Supreme Court has historically characterized the pleading requirement as an "essential element" or "jurisdictional fact" which must be alleged in a charging instrument; and in each, courts have for some time held that the failure to include such allegations is a fundamental defect which can be raised for the first time on appeal.

After observing that the modern rules of discovery and relaxed pleading requirements militate against absolute adherence to archaic rules, Tucker held that the failure to allege venue is not fundamental and may not be urged on appeal unless first raised in the trial court. Id.

I believe that a similar reassessment of the statute of limitations pleading requirements, and their longstanding characterization as "jurisdictional facts," leads to the very same conclusion reached by the Florida Supreme Court in Tucker.

**5. The non-jurisdictional nature of the statute of limitations**

This view finds further support in the fact that the court in Tucker (addressing the second issue raised in that case) expressly held that a defendant can validly waive the statute of limitations defense under certain circumstances. Id. See also Sturdivan v. State, 419 So. 2d 300, 302 (Fla. 1982) (holding: "If the state does not allege [in the charging document] the tolling of the statute in an otherwise sufficient information or indictment, a defendant may by his actions waive this defense.") Such a view has been espoused by the district courts as well. See Rodriguez v. State, 441 So. 2d 1129 (Fla. 3d DCA 1983) (holding a statute of limitations defense does not deprive court of subject matter jurisdiction; to the extent the statute of limitations may be considered in any sense a jurisdictional impediment, it is one which can be waived); Farrar v. State, 42 So. 3d 265, 265 (Fla. 5th DCA 2010) (observing that "[s]tatutes of limitations on crimes are not jurisdictional, and may be waived"); Morris v. State, 909 So. 2d 428 (Fla. 5th DCA 2005) (same); Lowe v. State, 501 So. 2d 79 (Fla. 5th DCA 1987) (same).[22] Any

---

[22] It is noteworthy that the United States Supreme Court recently held that the statute of limitations is ordinarily not jurisdictional, and that it will not be treated as such unless Congress has "clearly stated" that it is. Musacchio v. United States, __ U.S. __, 136 S.Ct. 709, 716-17 (2016) (quoting Sebelius v. Auburn Regional

41

contrary view cannot be reconciled with the principle that subject-matter jurisdiction cannot be conferred by consent, agreement, acquiescence, waiver or failure to object. Siegel v. Siegel, 575 So. 2d 1267 (Fla. 1991); Sclafani v. Dade County, 323 So. 2d 675 (Fla. 3d DCA 1975).

### 6. The waivability of the statute of limitations

I believe that that the jurisdictional approach to the statute of limitations is archaic, especially given the expansive rules of discovery, relaxed pleading requirements, and the factual inquiries inherent in the tolling and extension provisions contained in Florida's present-day statute of limitations.

In addressing the extent to which the statute of limitations can be waived, courts have generally taken one of four approaches:

1) The statute of limitations is a jurisdictional fact or jurisdictional bar that cannot be waived and can be raised for the first time on appeal;

2) The statute of limitations is a non-jurisdictional affirmative defense that can be waived if the defendant makes a knowing, intelligent and voluntary waiver of the defense;

---

Medical Center, __ U.S. __, 133 S. Ct. 817, 825 (2013)). The Court in Musacchio also held that a defendant may not raise the statute of limitations bar for the first time on appeal. Musacchio, 136 S. Ct. at 718. This case and related federal circuit court decisions are discussed in greater detail *infra* at *43-47.

3) The statute of limitations is a non-jurisdictional affirmative defense that can be waived by the action of the defendant (e.g., a negotiated plea to a reduced charge or lesser sentence); and

4) The statute of limitations is a non-jurisdictional affirmative defense which is waived on direct appeal if not affirmatively raised in the trial court.

The latter category appears to represent the majority trend and modern view. This is most evident from the trajectory of federal decisions which (similar to Florida) historically regarded the statute of limitations as jurisdictional in nature and therefore capable of being raised for the first time on appeal. The historical view has evolved over the last three decades, and it can now be said (at least in the federal courts) that the jurisdictional view has been supplanted by the view that the statute of limitations is in the nature of an affirmative defense which must be asserted in the trial court or is deemed waived.

Just one example of this evolution: In 1964, in Waters v. United States, 328 F.2d 739 (10th Cir. 1964), the Tenth Circuit held that the statute of limitations in criminal cases "is not a mere limitation upon the remedy, but a limitation upon the power of the sovereign to act against the accused." Id. at 743. The court held that, because the statute of limitations restrains the power to prosecute it was jurisdictional and could be raised for the first time on appeal. Twenty-three years later however, in United States v. Gallup, 812 F.2d 1271 (10th Cir. 1987), the

43

Tenth Circuit re-evaluated that position, abandoned its previous jurisdictional view of the statute of limitations in favor of the majority position, and held: "It is well settled that the statute of limitations is an affirmative defense which is waived unless raised at trial." Id. at 1280.

In United States v. Arky, 938 F. 2d 579 (5th Cir. 1991), the Fifth Circuit addressed this issue directly for the first time. Arky noted that, while some courts reasoned that the statute of limitations operated as a limit on the trial court's subject-matter jurisdiction and could therefore be raised for the first time on appeal, such a view has been rejected by the majority of circuit courts and by legal commentators. The Fifth Circuit joined the majority of other circuits in rejecting this position, holding:

> This court has never explicitly held that limitations defenses may not be raised on appeal if not raised at trial. At the same time, we have long adhered to the position that such objections are affirmative defenses and not objections to jurisdiction. Capone v. Aderhold, 65 F.2d 130, 131 (5th Cir.1933). We now hold that the defendant must affirmatively assert a limitations defense at trial to preserve it for appeal. Logic as well as authority supports this position: if the limitations defense is not jurisdictional, as we held in Aderhold, then it is difficult to conceive why it alone, of all the defendant's affirmative defenses, should not be waived if not asserted at trial. Therefore, because Arky did not raise and develop his limitations defenses at trial, he is precluded from raising them now.

Id. at 581-82.

In United States v. Lewis, 774 F.3d 837, 845 (5th Cir. 2014) the Fifth Circuit expanded on its rationale for the holding in Arky:

44

[W]e have previously determined that a statute of limitations defense is an affirmative defense that must be "affirmatively assert[ed] ... at trial to preserve it for appeal." [United States v. Arky, 938 F.2d 579, 582 (5th Cir. 1991]. This is because defenses such as a statute of limitations defense will, in many cases, turn on disputed factual issues. If defendants were allowed to raise a limitations defense after a conviction, the prosecution would be prevented from introducing evidence to rebut the defense. Cf. United States v. Cook, 84 U.S. 168, 179–80, 17 Wall. 168, 21 L.Ed. 538 (1872) (explaining that the rationale for requiring the statute of limitations defense to be raised at trial is to allow the prosecutor to present evidence in order to rebut the defense). By requiring a defendant to "raise and develop" his statute of limitations defense at trial, United States v. Solomon, 29 F.3d 961, 964 (5th Cir.1994) (citing Arky, 938 F.2d at 581–82), the prosecution will have a chance to rebut the defendant's arguments with evidence of its own. Although the facts surrounding Lewis's statute of limitations defense are not in dispute, this does not change our conclusion that a rule requiring all defendants to "affirmatively assert a limitations defense at trial to preserve it for appeal," Arky, 938 F.2d at 582, is preferable to a case-by-case determination. Such a case-by-case determination would leave defendants without a clear rule as to when a statute of limitations defense must be raised.

Consistent with the Fifth Circuit's decisions in Arky and Lewis, virtually every federal circuit court considering the issue has adopted the view that the statute of limitations is an affirmative defense that is waived on direct appeal if not raised in the trial court. See United States v. Soriano-Hernandez, 310 F.3d 1099 (8th Cir. 2002) (surveying decisions from other circuits, adopting the majority view that the statute of limitations is not a jurisdictional bar but an affirmative defense that can be waived if not timely raised, and holding that defendant waived the defense by failing to raise it at the time of his guilty plea); United States v. Najjar, 283 F.3d 1306, 1308-09 (11th Cir. 2002) (addressing the issue for the first

45

time, the court observed that "every other circuit to have considered it has likewise concluded that the expiration of the statute of limitations does not divest a district court of subject matter jurisdiction, but rather constitutes an affirmative defense, which the defendant can waive"; adopting this view, the court held that "the statute of limitations is a matter of defense that must be asserted at trial by the defendant"); United States v. Spector, 55 F.3d 22, 24 (1st Cir. 1995) (citing Acevedo-Ramos v. United States, 961 F.2d 305 (1st Cir. 1992), and holding that the statute of limitations is not a jurisdictional bar but a waivable affirmative defense,  and that the failure to raise the defense in a timely manner can result in a waiver); United States v. Karlin, 785 F.2d 90, 92 (3d Cir. 1986) (aligning itself with the Second, Fourth, Seventh, Ninth and D.C. Circuits in holding that "the running of the statute of limitations does not defeat jurisdiction and that the failure to assert the defense will constitute a waiver," and noting that the view expressed by the Tenth Circuit in Waters is contrary to that articulated by a majority of the circuit courts of appeals); United States v. Meeker, 701 F.2d 685, 687 (7th Cir. 1983); United States v. Walsh, 700 F.2d 846, 855 (2d Cir. 1983); United States v. Williams, 684 F.2d 296, 299 (4th Cir. 1982); United States v. Akmakjian, 647 F.2d 12 (9th Cir. 1981); United States v. Wild, 551 F.2d 418, 424 (D.C. Cir. 1977) (holding that the statute of limitations is non-jurisdictional and defendant expressly waived it; observing in dicta that a statute of limitations defense should be raised

no later than the trial). The Sixth Circuit was, for some time, the outlier in this area. See Benes v. United States, 276 F.2d 99 (6th Cir. 1960) (construing the criminal statute of limitations as a jurisdictional bar to prosecution, and holding that the statute was not tolled by an agreement between the parties that the government would not seek an indictment during the pendency of a related civil case). The Sixth Circuit has since narrowed its holding in Benes. See United States v. Del Percio, 870 F.2d 1090 (6th Cir. 1989) (recognizing that the statute of limitations is not a jurisdictional bar, but rather a waivable affirmative defense that does not affect the subject-matter jurisdiction of the court, but not reaching whether the failure to assert the defense in the trial court constitutes a waiver).

The issue (at least in the federal arena) has now largely been put to rest by the United States Supreme Court's recent pronouncement in Musacchio, 136 S.Ct. at 717:

> [T]he statute-of-limitations defense becomes a part of a case only if the defendant puts the defense in issue. When a defendant presses a limitations defense, the Government then bears the burden of establishing compliance with the statute of limitations by presenting evidence that the crime was committed within the limitations period or by establishing an exception to the limitations period. When a defendant fails to press a limitations defense, the defense does not become part of the case and the Government does not otherwise have the burden of proving that it filed a timely indictment. When a defendant does not press the defense, then there is no error for an appellate court to correct—and certainly no plain error.

Turning to decisions of other states, we find less uniformity than the federal courts, due at least in part to the varying provisions of state procedural rules and statutes of limitations. See, e.g., Arizona v. Tom, No. 2 CA-CR 2016-0088-PR (Ariz. Ct. App. April 20, 2016) (holding that statute of limitations is an affirmative defense, is waived if not raised in the trial court, and does not require a knowing and intelligent waiver); Kansas v. Cormack, 248 P.3d 784 (Kan Ct. App. 2011) (holding that the statute of limitations in a criminal case is a non-jurisdictional affirmative defense that is waived if not raised in the trial court); Adams v. Hawai'i, 81 P.3d 394 (Haw. 2003) (statute of limitations is not jurisdictional and waivable even in the absence of an express waiver); Illinois v. Speller, 360 N.E. 2d 1155 (Ill. App. Ct. 1977) (same); Pennsylvania v. Darush, 459 A.2d 727 (Pa. 1983) (statute of limitations waived by the defendant's failure to raise it in a pretrial motion); Pennsylvania v. Rossetti, 863 A.2d 1185 (Pa. Super. Ct. 2004) (same). See also Longhibler v. Missouri, 832 S.W. 2d 908 (Mo. 1992) (overruling prior decision in Missouri v. Civella, 364 S.W. 2d 624 (Mo. Ct. App. 1963) and holding statute of limitations is not jurisdictional and can be waived; a voluntary plea of guilty waives all non-jurisdictional defects, including statute of limitations); James v. Galetka, 965 P.2d 567 (Utah Ct. App. 1998) (holding statute of limitations is not jurisdictional and can be waived by a voluntary plea of guilty). But see Ohio v. Tolliver, 765 N.E. 2d 894, 899 (Oh. Ct. App. 2001) (holding statute of limitations

48

is jurisdictional and may be raised at any time, but noting other Ohio appellate courts have held the statute of limitations is not jurisdictional and may be waived if not asserted at the trial level); Tennessee v. Pearson, 858 S.W. 2d 879 (Tenn. 1993) (treating statute of limitations as non-jurisdictional and waivable, but only if the waiver is knowing and voluntary); Washington v. Peltier, 332 P.3d 457 (Wash. 2014) (receding from previous decisions holding statute of limitations is jurisdictional; treating statute of limitations as non-jurisdictional and holding defendant may expressly waive the statute of limitations).

### 7.  Policy considerations

As the United States Supreme Court observed in Toussie v. United States, 397 U.S. 112, 114-15 (1970):

> The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity.

These underlying policies are not implicated by a procedural requirement which simply follows the general rule of preservation. Given that the statute of limitations is not a jurisdictional bar to prosecution, there is no legal impediment to requiring that a defendant who asserts that the crime as alleged in the information

is barred by the statute of limitations must raise the issue in the trial court to preserve the issue for appeal.  Such a procedural requirement strikes the proper balance of the competing interests at stake in a criminal prosecution.

If a defendant is permitted to raise a statute of limitations claim for the first time on appeal, a defendant might well choose not to file a motion to dismiss or to otherwise challenge, at the trial court level, the timeliness of the prosecution. Rather, a defendant, realizing that the information fails to include sufficient allegations of tolling or extensions of the limitations period under section 775.15, might instead wait until the jury returns a verdict and, if convicted, raise the issue on appeal, which would likely result in a reversal of the conviction and a discharge of the defendant.[23]  If we were operating under the 1872 version of the statute of

---

[23] There is an ancillary question which I do not reach: If a defendant is permitted to raise the issue for the first time on appeal, what is the proper remedy? If the charging document fails to contain the necessary tolling language and, from the allegations of the face of the information it appears that the prosecution was commenced outside the limitations period, should the defendant be entitled to reversal of the judgment and sentence *and discharge*, or should the defendant be entitled only to a reversal of the judgment and sentence, thus providing the State with an opportunity on remand either to amend the charging document or to otherwise establish that the prosecution was timely commenced under section 775.15?   The Florida Supreme Court has held that where the issue is raised for the first time in a motion for new trial following conviction (which motion is denied by the trial court and reversed on appeal), the appropriate remedy is a new trial, not discharge.  See Weinert v. State, 17 So. 570 (Fla. 1895): Warrace v. State, 8 So. 748 (Fla. 1891); McCoy v. State, 17 Fla. 193 (Fla. 1879).  It would be difficult to reconcile how a defendant under those circumstances would be entitled only to a new trial while a defendant raising the statute of limitations for the first time on appeal would be entitled to discharge.

limitations, which simply provided that all non-capital offenses must be prosecuted within two years of the date of the offense, there might well be no need for an evidentiary hearing or a determination of disputed facts. However, we are operating under a statute of limitations provision that now contains at least fourteen separate exceptions and tolling or extension provisions, each requiring factual determinations.

More to the point, an appellate court presented with this issue, in the absence of any opportunity for fact finding, would have no way of divining whether (or the extent to which) any of these extensions or tolling provisions applies, or whether in the face of a pretrial challenge the State would have been able to establish (and the trial court would have been able to determine) the applicability of any statutory extension or tolling provisions.[24]

I have considered the opposing view, that the State is well aware of its obligation to allege all the necessary facts to establish the timely commencement of a prosecution, and that the State should simply be held to that standard.

---

[24] Anomalously, a rule permitting a defendant to raise this issue for the first time on appeal would prevent the State from establishing, for example, that the State and defendant had expressly agreed to extend the statute of limitations in exchange for forbearance of charges while the parties attempted to negotiate a resolution in which defendant would enter into a pretrial diversion program. See, e.g., Doyle v. State, 783 So. 2d 295 (Fla. 1st DCA 2001); Lowe v. State, 501 So. 2d 79 (Fla. 5th DCA 1987); United States v. Wild, 551 F.2d 418 (D.C. Cir. 1977) (holding defendant could validly waive statute of limitations in effort to prevent being indicted during the completion of plea negotiations with the prosecution).

However, even if such a rule properly requires such facts to be pleaded in the charging document, errors and omissions are inevitable in any such human endeavor. The real question is not whether the State should be required to plead those facts, but rather what result should follow when it fails to do so: should the State be notified of, and afforded an opportunity to correct, such an error in the trial court, or should the State be forever barred from proceeding with the prosecution when the error is raised for the first time on appeal?

It seems to me unsound, both jurisprudentially and practically, to cling to a rule that would reward a defendant's failure to raise such a defect in the charging document, by permitting a defendant to raise it for the first time on appeal. Adherence to such a rule will likely require an appellate court to determine the merits of the claim without affording the State the opportunity to develop a factual record establishing a timely prosecution (or without affording the State an opportunity to amend the information to allege facts establishing a timely prosecution).[25]

---

[25] A defendant who has waived the statute of limitations by failing to raise it in the trial court is not left without a remedy; the defendant may seek postconviction relief on the ground that trial counsel rendered ineffective assistance in failing to raise the issue in the trial court. See, e.g., Harper v. State, 43 So. 3d 174 (Fla. 3d DCA 2010); Byrd v. State, 754 So. 2d 191 (Fla. 3d DCA 2000); McGregor v. State, 933 So. 2d 1244 (Fla. 1st DCA 2006); Morris v. State, 909 So. 2d 428 (Fla. 5th DCA 2005); Constantine v. State, 566 So. 2d 321 (Fla. 2d DCA 1990).

I conclude that a rule which permits a defendant to refrain from raising the issue in the trial court, and permits the defendant to raise the issue for the first time on appeal, impairs the fair and proper administration of justice, while failing to promote any legitimate competing interest.

**8.    This case presents compelling support for a rule requiring a defendant to raise the statute of limitations in the trial court**

Indeed, this very case provides an even more concrete basis for adopting a rule that a defendant cannot raise, for the first time on appeal, a claim that the crime as alleged in the information is barred by the statute of limitations. The offense charged in the instant information was armed burglary, and the information read in pertinent part as follows:

> EARVIN TYRONE SMITH, on or about September 15, 1990, in the County and State aforesaid, did unlawfully enter or remain in a structure, to wit: a dwelling located at 617 NORTHWEST 7th STREET, Miami-Dade County, Florida, the property of E.H., without the consent or E.H. as owner or custodian, the same being occupied by E.H.; M.T. (MINOR); R.T. (MINOR)); the defendant having an intent to commit an offense therein, to wit: SEXUAL BATTERY and/or ROBBERY, and during the commission of the offense, said defendant possessed a firearm or destructive device, in violation of s. 810.02(2)(b) and s. 775.087 and s. 777.011, Fla. Stat. . . .

Section 810.02(2), Florida Statutes (1990), the statute under which Smith was charged, provides in pertinent part:

> (2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment. . .
> if, in the course of committing the offense, the offender:

(a) Makes an assault or battery upon any person; or

(b) Is armed, or arms himself within such structure or conveyance, with explosives or a dangerous weapon;

It is clear that, because the information charged Smith with armed burglary under subsection (2)(b) (i.e., burglary while armed), the crime is a first-degree felony punishable by life, and must be prosecuted within four years. § 775.15(2)(a), Fla. Stat. (1990). However, had Smith filed a motion to dismiss this charge as barred by the statute of limitations, the State could validly have amended the information to charge the very same burglary, but as a <u>life</u> felony (a crime for which there is no statute of limitations, <u>see</u> section 775.15(1)), Florida Statutes (1990)) given that Smith had committed a sexual battery during the burglary (the other offense charged in the information, which the jury found Smith guilty of).

The State could have alleged, pursuant to section 810.02(2)(a), rather than (2)(b)), that Smith committed a burglary and that, in the course of the burglary, Smith made an assault or battery upon the victim. It is true that a burglary with an assault or battery constitutes a first-degree felony, punishable by life; but by amending the information to charge the offense as a burglary with an assault or battery, rather than as an armed burglary, the State could then have included in the information a separate allegation that, during the commission of the burglary with an assault or battery, Smith possessed a firearm, providing a basis to reclassify the burglary offense from a first-degree felony to a life felony, pursuant to section

54

775.087(1)(a), Florida Statutes (1990) (providing that "whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm. . . the felony for which the person is charged shall be reclassified as follows:  (a) In the case of a felony of the first degree, to a life felony.")  This amended charge (burglary with an assault or battery, reclassified to a life felony by possession of a firearm) would <u>not</u> be time-barred, because a life felony is not subject to a statute of limitations and "may be commenced at any time." § 775.15(1), Fla. Stat. (1990).

Of course, if a defendant is not required to raise the statute of limitations below, the State is never afforded the opportunity to amend the information to charge a crime that has a longer, or, in this case, no statute of limitations.  It may well have been a strategic decision on the part of the defense not to move to dismiss the burglary offense as time-barred, knowing that, by doing so, the State would have had the opportunity to amend the charge to overcome any asserted statute of limitations bar.[26]

---

[26] As noted in the majority opinion, Smith did move to dismiss several other counts asserting they were barred by the statute of limitations, but did not raise such a challenge to the crime of armed burglary.  In fact, the State urges affirmance of the conviction based upon this possible strategic decision to forego a statute of limitations challenge to this charge, and noting that defendant would still have an avenue for relief through the filing of a postconviction motion under rule 3.850. <u>See</u> cases cited in footnote 25 *supra*.

**CONCLUSION**

On balance, and given the current composition of Florida's statute of limitations and tolling provisions, the broad discovery procedures and relaxed pleading requirements, and the fact that the statute of limitations is in the nature of an affirmative defense, I conclude that the more well-reasoned view, as represented by the United States Supreme Court and the overwhelming majority of federal decisions in this area, holds that the statute of limitations is not jurisdictional in nature, and that a defendant cannot raise, for the first time on appeal, the claim that a conviction for the crime as charged in the information or indictment was barred by the statute of limitations. Questions regarding extensions or tolling provisions under the statute of limitations generally present factual issues; resolution of these issues will ordinarily require the production of evidence, the development of a record, and the determination of disputed issues of fact, proceedings which are uniquely suited to the trial court. It is difficult to conceive how an appellate court, faced with a bare assertion of a time bar raised for the first time on appeal, and without an adequate record (or opportunity for the State to address or the trial court to adjudicate) could reasonably and reliably resolve the issue. Moreover, because I believe that the statute of limitations is most accurately viewed as an affirmative defense,[27] there is no legal impediment to

---

[27] Though I describe the statute of limitations as an affirmative defense, it is something of a hybrid. Surely it is in the nature of an affirmative defense to the

the procedural requirement that a defendant raise the issue in the trial court in order to preserve it for appeal. Such a requirement permits the State to properly respond to the challenge (either by amendment of the charge or by establishing a timely prosecution), allows the necessary factual determinations to be made in the trial court, and ensures an adequate record for effective appellate review.

For all of these reasons, I believe the Florida Supreme Court should answer the certified question in the affirmative, and hold that a defendant, who claims that the offense as charged in the information is barred by the statute of limitations, must raise the issue in the trial court in order to preserve the issue for direct appeal.

ROTHENBERG, SALTER and SCALES, JJ., concur.

---

extent that it does not itself deny the underlying acts constituting the offense, but rather contends that, even if the acts comprising the crime were committed by the defendant, the defendant may not be convicted of the crime because the prosecution was not timely commenced. On the other hand, it is not an affirmative defense in the sense that the defendant must shoulder some burden of proof before it shifts to the State. Rather, the defendant need only allege, and the charging document need only evidence on its face, that the prosecution was commenced on some date after the statute of limitations had expired. The burden would be on the State to establish that the prosecution was nevertheless timely commenced, based upon some statutory tolling or other basis for extension or waiver of the statute.